UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SYMON MANDAWALA,

    Plaintiff,

v.                                                No. SA-19-CV-00635-JKP

STRUGA MANAGEMENT, MRS.
CONSUELO CORONA, SUPERVI-
SOR; JUAN MARTINEZ, PRINCIPAL
MAINTENANCE; RAVEN ROCCO,
SUBJECT PROPERTY AGENT; DA-
VID R FRISTCHE, TRAVES MILLER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Struga Management's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff Symon Mandawala's response. *ECF Nos. 38,42*. Upon consideration of the motion and response, the Court concludes the Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART.

**Factual Background**

Plaintiff, Symon Mandawala, alleges in his Second Amended Complaint (hereinafter "the Complaint") he was a tenant in the apartment property Vineyard Gardens managed by Struga Management beginning in May 2016. *ECF No. 29, par. 1*. Mandawala alleges on December 17, 2017, he moved into another apartment in the same property with other existing tenants, Mr. S. John Smith and Elizabeth Smith. *Id*. at pars. 1, 24, 25. Mandawala alleges he and the Smiths "paid a joining fee of $40" to Struga Management, and its employee signed a "receipt" in purported "consent" of this arrangement. *Id*. "Three month[s] later defendant [Struga Management] claimed

Plaintiff [Mandawala] was not on lease and was unauthorized to live in unit with Smith's family and demanded [Mandawala] move out or else [it] would not renew the lease for Smith family." *Id. at par. 1*. Mandawala alleges tensions escalated in March 2019 when defendant employees of Struga Management began withholding his mail and packages, and then initiated eviction proceedings against the Smiths based upon their housing of an unauthorized occupant. *Id. at pars. 10-21*. Mandawala alleges he was thereby forced to move from the premises and subsequently filed this action on June 7, 2019. *Id. at par. 22*. Mandawala alleges the named defendants denied him his rights to fair housing based upon racial discrimination. *Id. at pars.28-35*.

In this action, Mandawala asserts eleven causes of action against Defendant Struga Management: (1) racial discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. 3601-3619, 3535(d), 3600-3620 ("Counts 1-3"); (2) fraudulent practices in violation of 42 U.S.C §1981(a)(b), Texas Property Code §92.004, and the Texas Deceptive Trade Practices Act, Texas Business & Commercial Code §17.46 ("TDTPA") ("Counts 4 – 6"); (3) deprivation of rights under "color of law" in violation of the FHA, 42 U.S.C. §1981(c) and §1983 ("Count 7"); (4) intentional infliction of emotional distress ("Count 8"); (5) Conversion ("Count 9"); (6) deprivation of rights to fair housing in violation of the FHA, 42 U.S.C. §1985 ("Count 10"); and (7) Conspiracy to commit these named violations, under 42 U.S.C. §1986 ("Count 11" and asserted against David Fristche and Traves Miller). Struga Management now moves to dismiss the claims asserted against it for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

To provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests," every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8.

Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

1. **"Counts 1-3": Racial Discrimination in Violation of the Fair Housing Act**

Struga Management contends "Counts 1-3", and to the extent Mandawala asserts violations of the Fair Housing Act in "Counts 4-6", must be dismissed for failure to state a claim because Mandawala cannot show he was an "aggrieved person" under 42 U.S.C. §3602(i). Specifically, Struga Management asserts Mandawala fails to allege "he was a *tenant* of [Struga Management] who is authorized by a lease to occupy a dwelling to the exclusion of others and fails to allege that he was

3

a person who is authorized under a lease to be an *occupant* of the premises owned by [Struga Management]." *ECF No. 38, pars. 3-4* (emphasis in original). Struga Management argues Mandawala's "statement that he was a 'resident' at or 'tenant' is unsupported by any additional averments that would be entitle Plaintiff to the protections of the Fair Housing Act and fails to aver any actions by [Struga Management] that violate 42 U.S.C. §3604, §3605, §3606 or §3617." *Id*.

To prevail on a claim alleging violation of the FHA, a plaintiff must show he is an "aggrieved person". An "aggrieved person" is defined by the FHA as "any person who--(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C.A. § 3602(i). In addition, "[t]o rent" includes to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant." 42 U.S.C.A. § 3602(e).

Mandawala avers in the Complaint Struga Management's employee provided him authority to occupy the apartment with the Smiths pursuant to a "joining agreement," and he paid consideration of a "joining fee of $40." *ECF No. 29, pars. 1, 24, 25*. Mandawala avers the receipt of payment of the "joinder fee" shows Struga Management's consent to his occupancy of the Smith's apartment. Further, Mandawala asserts the Defendants' actions in failing to recognize the alleged agreement and forcing him to move from the property were the result of racial discrimination, and he was injured by this discriminatory practice. *Id. at pars. 30-31*.

Contrary to Struga Management's argument, to assert a valid claim under the FHA, or to qualify as an "aggrieved person", a plaintiff need not aver he is authorized under a lease to be an occupant of the premises. Instead, within the context of the FHA "to rent" includes to "otherwise grant for a consideration the right to occupy premises not owned by the occupant." Accordingly,

4

a landlord may "otherwise" grant authority to occupy a property even without a lease. *See* 42 U.S.C.A. § 3602(e).

Thus, upon construing the facts asserted in the complaint in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to satisfy the definition of "aggrieved person" under the FHA because he "claims to have been injured by a discriminatory housing practice." Further, upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to draw the reasonable inference that Struga Management consented to his occupancy of the Smith's apartment without a formal lease.

The focus is not on whether Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Because Mandawala asserted sufficient facts to support a reasonable inference that he is an "aggrieved person" as defined by the FHA, and he need not allege he was a tenant or occupant who is authorized by a lease to occupy a dwelling, Struga Management's argument it is entitled to dismissal of Counts 1 through 3 under Federal Rule 12(b)(6) must fail.

2. **"Counts 4-6": Fraudulent practices in violation of 42 U.S.C §1981(a) and (b), Texas Property Code §92.004, and the TDTPA, Texas Business and Commercial Code §17.46**

Mandawala generally avers in the Complaint that Struga Management committed fraud by engaging in the untruthful and deceitful practice of presenting to the Smith family and "the small claims court judge" false and misleading documents to demonstrate violation of lease conditions. Mandawala asserts these acts violated 42 U.S.C §1981(a) and (b), Texas Property Code §92.004, and the TDTPA, Texas Business and Commercial Code §17.46. *ECF No. 29, par. 36*.

### a. Violation of FHA, 42 U.S.C §1981(a) and (b)

Struga Management contends Mandawala's claim alleging violation of 42 U.S.C §1981(a) and (b), must be dismissed for failure to state a claim. Struga Management argues generally, with no other specificity, Mandawala "fails to assert how he is a proper Plaintiff under 42 U.S.C. §1981, how Defendant is a proper party under 42 U.S.C. §1981, or any averment that establishes in some way that Defendant would have any liability under 42 U.S.C. §1981."

Section 1981 protects the equal right of "[a]ll persons" to "make and enforce contracts" without respect to race (§ 1981(a)), and defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits ... of the contractual relationship" (§ 1981(b)). *See* 42 U.S.C. §1981. A plaintiff may state a claim under Section 1981 if he has, or would have, rights under an existing or proposed contract that he wishes "to make and enforce." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-76 (2006).

As stated previously, Mandawala avers in the Complaint a Struga Management employee provided him authority to occupy the apartment with the Smiths pursuant to a "joining agreement," and he paid consideration of a "joining fee of $40." pars. 1, 24, 25. Mandawala avers the receipt of payment of the "joinder fee" shows Struga Management's consent to his occupancy of the Smith's apartment. Further, Mandawala asserts he was "injured by a discriminatory housing practice." *ECF No. 29, pars. 30-31*.

Thus, without specificity of argument regarding how Mandawala was not a proper party to bring this action and how Struga Management is not a proper party, the Court must conclude Struga Management's argument must fail. Upon construing the facts asserted in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, Mandawala asserted enough facts to state a claim under Section 1981 that he has, or would have, rights under an existing

or proposed contract that he wishes "to make and enforce", and Struga Management denied him benefits of this alleged contract based upon racial discrimination. *See Domino's Pizza, Inc.*, 546 U.S. at 474-76.

The focus is not on whether Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Consequently, Struga Management's is not entitled to dismissal under Federal Rule 12(b)(6) of alleged violation of 42 U.S.C. § 1981(a) and (b).

### b. Violation of Texas Property Code §92.004

Texas Property Code §92.004 provides: "a party who files or prosecutes a suit under Subchapter B, D, E, or F in bad faith or for purposes of harassment is liable to the defendant for one month's rent plus $100 and for attorney's fees." Tex. Prop. Code Ann. § 92.004. The referenced Subchapter B provides a tenant remedy for a landlord's failure to repair or remedy a condition that materially affects the health or safety of a tenant. Tex. Prop. Code Ann. § 92.051, et seq. The referenced Subchapter D provides a tenant remedy for a landlord's failure to install or repair a required security device. Tex. Prop. Code Ann. § 92.151, et seq. The referenced Subchapter E provides a tenant remedy for a landlord's failure to disclose ownership or management of a rental property, and Subchapter F provides a tenant remedy for a landlord's failure to install or repair a required smoke alarm or fire extinguisher. Tex. Prop. Code Ann. § 92.201, et seq. and § 92.251, et seq.

Construing the Complaint in the light most favorable to Mandawala and construing all reasonable inferences in his favor, nowhere does Mandawala allege, or imply, Struga Management failed to repair or remedy a condition that materially affected his health or safety; failed to install or repair a required security device; failed to disclose ownership or management of a rental

property, or; failed to install or repair a required smoke alarm or fire extinguisher. Further, Texas Property Code §92.004 provides remedy for a landlord party *against whom* a suit is brought for the purpose of harassment. Thus, this statute does not provide remedy for Mandawala. Finally, to the extent Mandawala attempts to allege Struga Management brought eviction proceeding for the purpose of harassment, Subchapter B, D, E and F of Chapter 92 of the Texas Property Code do not provide remedy on this action. For this reason, under no set of facts can Mandawala recover under Texas Property Code § 92.004, and his assertion of a claim against Struga Management is dismissed for failure to state a claim on which relief can be granted.

### c. Violation of TDTPA; Texas Business and Commercial Code §17.46

Struga Management contends Mandawala fails to state a claim alleging violation of the Texas DTPA, Texas Business and Commerce Code § 17.46, because he cannot establish he is a "consumer" or Struga Management provided "goods or services" as those terms are defined under §§ 17.45(1), (2), and (4).

As used in the TDTPA: "(1) 'Goods' means tangible chattels or real property purchased or leased for use; (2) 'Services' means work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods; (3) . . . ; (4) 'Consumer' means an individual . . . who seeks or acquires by purchase or lease, any goods or services. . . ." Tex. Bus. & Com. Code Ann. § 17.45(1), (2), (4).

Mandawala avers in the Complaint he was a tenant and leased real property from Struga Management when its employee provided him authority to occupy the apartment with the Smiths pursuant to a "joining agreement." Mandawala asserts he paid consideration of a "joining fee of $40." *ECF No 29, pars. 1, 24, 25*. Mandawala avers the receipt of payment of the "joinder fee" shows Struga Management's consent to his occupancy of the Smith's apartment.

8

Upon construing the facts asserted in the complaint in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to satisfy the definition of "goods" and "consumer" under the TDTPA. Mandawala alleges enough to construe him as "an individual . . . who seeks or acquires by purchase or lease, any goods or services" and the lease of real property satisfies the definition of "goods' under the TDTPA. Further, upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to construe the "joinder agreement" as Struga Management's consented to his occupancy of the Smith's apartment without a formal lease.

The focus is not on whether Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Consequently, Struga Management is not entitled to dismissal of Mandawala's claim of violation of Texas Business and Commerce Code 17.46 based upon the arguments asserted.

### 3. "Count 7": Violation of 42 U.S.C. §1981(c) and §1983

In "Count 7", Mandawala asserts: Struga Management's "conduct as alleged at length herein constitutes acts under 'color of Law' of the Texas state when they use a state small claims court to evict plaintiff and [S]mith family knowingly there was no breach of lease or contract by [S]mith family. [sic] 'private persons, using state officials in the prohibited action, are acting 'under color' of law for the purpose of the statute.' emphasis added United State v. Price 383 U.S.787,794,86 S.Ct 1152,1157, 16 L.Ed.2d 267 (1966)."

Struga Management asserts "Count 7" must be dismissed for failure to state a claim because Mandawala makes no allegation that its actions of evicting the Smith family was an improper use of the state court system. Further, even if Mandawala was an authorized occupant of the apartment,

and even if Struga Management evicted the Smith family, only the Smiths could defend their right to possession and must do so under Texas Property Code §24.007.

Construing the Complaint in the light most favorable to Mandawala and construing all reasonable inferences in his favor, Mandawala does not allege, or imply, any facts supporting any cause of action in "Count 7". Mandawala asserts only that Struga Management acted "under color of law." This is not a cognizable cause of action, nor does Mandawala assert any facts or allegations to support a plausible claim.

For this reason, "Count 7", Mandawala's assertion of any violation of 42 U.S.C. §1981(c) and §1983, is dismissed for failure to state a claim on which relief can be granted.

### 4. Count 8: Intentional Infliction of Emotional Distress

In "Count 8", Mandawala asserts: Struga Management's "conduct as alleged at length herein is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and it is atrocious, and utterly intolerable in civilized community. The defendant and their employee knew very well that such high level of harassment will cause unexpected homelessness. Unintended expense of storing plaintiff's belongings is costly and it is undisputed caused severe emotional damage."

Struga Management argues this cause of action should be dismissed for failure to state a claim because Mandawala fails to assert the egregious conduct necessary to recover for this cause of action and because damages are available only when no other remedy is available.

Under Texas law, intentional infliction of emotional distress has four elements: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Mattix–Hill v. Reck,* 923 S.W.2d 596, 597 (Tex. 1996) (citing *Twyman v.*

*Twyman,* 855 S.W.2d 619, 621 (Tex.1993)). The defendant's conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman,* 855 S.W.2d at 621; *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996).

Intentional infliction of emotional distress is a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit and Vegetable Co. v. Johnson,* 985 S.W.2d 62, 68 (Tex. 1998); *Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004). This cause of action is "never intended to supplant or duplicate existing statutory or common-law remedies." *Toronka v. Cont'l Airlines, Inc.*, 649 F. Supp. 2d 608, 612–13 (S.D. Tex. 2009)(quoting *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 (Tex. 2005)).

Here, Mandawala bases his cause of action of intentional infliction of emotional distress on the same underlying conduct and facts as his other causes of action under which he seeks to recover for racial discrimination. Mandawala did not allege any additional facts in support of his intentional infliction of emotional distress claim.

Thus, upon construing the facts asserted in the complaint in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala cannot assert facts to support a cause of action for intentional infliction of emotional distress. Even if Mandawala were allowed to re-plead this cause of action, he cannot assert an intentional infliction of emotional distress claim, as it is based on the same underlying conduct as his other claims for racial discrimination.

Therefore, the Court must dismiss Mandawala's intentional infliction of emotional distress claim, "Count 8", pursuant to Federal Rule 12(b)(6).

### 5. "Count 9": Conversion

Struga Management argues Mandawala made no averments that would meet the elements of conversion, and therefore, this claim must be dismissed for failure to state a claim.

Conversion is "'[t]he unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights...'" *Ojeda v. Wal–Mart Stores, Inc.,* 956 S.W.2d 704, 707 (Tex. App. - San Antonio 1997, pet. denied). To prevail on a cause of action for conversion, a Plaintiff must establish: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of an inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property" *Id.*; *Tow v. Amegy Bank N.A.*, 976 F. Supp. 2d 889, 907 (S.D. Tex. 2013).

Mandawala avers in the Complaint employees of Struga Management withheld his mail and packages to the extent he had to call the San Antonio Police Department to get their return. Mandawala avers Struga Management's employees "confiscated, or destroyed, or damaged or threw away [his] mail delivered by federal postal service[, i]n which the local post office affirmed the delivery and driver left packages in [Struga Management's] office." *See ECF No. 29, pars. 10-14, 21, 34, 38-41*.

Although not artfully plead, upon construing the facts as alleged in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to state a claim for conversion. The focus is not on whether

Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8.

Consequently, Struga Management is not entitled to dismissal under Federal Rule 12(b)(6) of Mandawala's asserted conversion cause of action.

### 6. "Count 10": Violation of 42 U.S.C. §1985(3)

Struga Management argues generally, with no other specificity, Mandawala "made no averments to support a theory of conspiracy under 42 U.S.C. § 1985([3])," and therefore, this claim asserted in "Count 10" of the Complaint should be dismissed for failure to state a claim.

In the Complaint, Mandawala avers in "Count 10", with no other specificity, "Defendant's conduct as alleged at length herein constitutes conspire for the purpose of depriving plaintiff from exercising his constitution right legally and lawfully renting the subject apartment unit in violation of 42 U.S.C § 1985(3)." Construing this allegation liberally in the light most favorable to Mandawala, this Court understands "Count 10" to assert the named defendants, who are employees of Struga Management, conspired with Struga Management to commit the allegations of racial discrimination in violation of the FHA and the acts of holding Mandawala's mail and packages.

To state a cognizable claim under § 1985(3), a Plaintiff must allege: "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus." *Wong v. Stripling,* 881 F.2d 200, 202–03 (5th Cir. 1989). To satisfy a Section 1985 conspiracy claim, plaintiff need only provide facts from which the elements of a conspiracy

13

can be inferred. *Green v. State Bar of Texas,* 27 F.3d 1083 (5th Cir. 1994); *Riggs v. City of Pearland,* 177 F.R.D. 395, 408–09 (S.D.Tex. 1997).

Under the longstanding intracorporate conspiracy doctrine, a corporation cannot conspire with its own employees or agents. *Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir. 1994). The rationale of this rule is that acts of the corporation's agents are deemed to be acts of the corporation itself. *See id.; see also Fojtik v. First National Bank of Beeville,* 752 S.W.2d 669, 673 (Tex. App.-Corpus Christi 1988, writ denied). As a result, an accusation of conspiracy between a corporation and its employees is essentially an allegation that the corporation conspired with itself—a legal impossibility. *See id.*

Following the intracorporate conspiracy doctrine, Mandawala can assert no set of facts to infer Struga Management conspired with its employees to deprive Mandawala of his civil rights or to unlawfully withhold his mail and packages. For this reason, "Count 10" must be dismissed for failure to state a claim.

### 7. "Count 11": Violation of 42 U.S.C. §1986

In the Complaint, Mandawala avers in "Count 11", "Defendant's conduct . . . constitutes attorney had actual knowledge that their client is continuing persuing [sic] federal prohibiting conduct and deliberately participate. Intentionally ignored that while they had power to stop their client to furthering the conspirancy [sic] while this court on pending. Such deliberate ignoring to stop the federal prohibited conduct both Mr. Fritsche and Mr. Miller violated 42 U.S.C. 1986."

Construing this allegation liberally in the light most favorable to Mandawala, this Court understands "Count 11" to assert only that Struga Management's attorneys, Mr. Fritsche and Mr. Miller, violated 42 U.S.C. §1986 by failing to stop or prohibit the alleged unlawful conduct of its client.

Mandawala can assert no set of facts to support a cause of action for violation of Section 1986. Section 1986 provides for liability against third parties based on their knowledge of Section 1985 violations. Section 1986 does not provide an independent cause of action but instead requires the existence of a valid claim under Section 1985. *Bradt v. Smith*, 634 F.2d 796, 799 n.3 (5th Cir. 1981). "A valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000); *see also Duncan v. United Services Auto. Ass'n Ins.*, CV 14-2989, 2016 WL 3952091, at *7 (E.D. La. July 22, 2016).

Consequently, to the extent Mandawala intends to assert "Count 11" against Struga Management, because he failed to state a plausible claim for relief under Section 1985, any cause of action under Section 1986 is not cognizable. Therefore, Mandawala's cause of action asserted in "Count 11" for violation of Section 1986, to the extent it is asserted against Struga Management, must be dismissed. *See Bryan*, 213 F.3d at 276; *Duncan*, 2016 WL 3952091, at *7.

## Conclusion

In this Memorandum Opinion and Order, this Court addresses only the causes of action as asserted against Defendant Struga Management.

For the reasons stated, this Court dismisses the following causes of action Mandawala asserts against Struga Management: (1) violation of Texas Property Code 92.004 ("Count 5"); (2) deprivation of rights under "color of law" in violation of 42 U.S.C. §1981(c) and §1983 ("Count 7"); (3) intentional infliction of emotional distress ("Count 8"); (4) conspiracy to deprive rights to fair housing in violation of 42 U.S.C. §1985 ("Count 10"); and (5) conspiracy to commit these named violations, under 42 U.S.C. §1986 ("Count 11").

For the reasons stated, the following causes of action Mandawala asserts against Struga Management remain: (1) racial discrimination in violation of the FHA, 42 U.S.C. 3601-3619, 3535(d),

3600-3620 ("Counts 1-3"); (2) fraudulent practices in violation of 42 U.S.C §1981(a) and (b) and Texas Business & Commercial Code §17.46 ("Counts 4 and 6"); (3) Conversion ("Count 9").

It is so ORDERED.
SIGNED this 20th day of August, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE