# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**SYMON MANDAWALA,**

       **Plaintiff,**

v.                                                                      No.  SA-19-CV-00635-JKP

**STRUGA MANAGEMENT, MRS.
CONSUELO CORONA, SUPERVI-
SOR; JUAN MARTINEZ, PRINCIPAL
MAINTENANCE; RAVEN ROCCO,
SUBJECT PROPERTY AGENT; DA-
VID R FRISTCHE, TRAVES MILLER,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Raven Rocco's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff Symon Mandawala's response. *ECF Nos. 41,42.* Upon consideration of the motion and response, the Court concludes the Motion to Dismiss shall be GRANTED IN PART and DENIED IN PART.

### Factual Background

Plaintiff, Symon Mandawala, alleges in his Second Amended Complaint (hereinafter "the Complaint") he was a tenant in the apartment property Vineyard Gardens managed by Struga Management beginning in May 2016. *ECF No. 29, par. 1.* Mandawala alleges on December 17, 2017, he moved into another apartment in the same property with other existing tenants, Mr. S. John Smith and Elizabeth Smith. *Id. at pars. 1, 24, 25.* Mandawala alleges he and the Smiths "paid a joining fee of $40" to Struga Management, and its employee signed a "receipt" in purported "consent" of this arrangement. *Id.* "Three month[s] later defendant [Struga Management] claimed

Plaintiff [Mandawala] was not on lease and was unauthorized to live in unit with Smith's family and demanded [Mandawala] move out or else [it] would not renew the lease for Smith family." *Id. at par. 1*. Mandawala alleges tensions escalated in March 2019 when named defendant employees of Struga Management, Consuela Corona, Raven Rocco and Juan Martinez began withholding his mail and packages, and then initiated eviction proceedings against the Smiths based upon their housing of an unauthorized occupant. *Id. at pars. 10-21*. Mandawala alleges he was thereby forced to move from the premises and subsequently filed this action on June 7, 2019. *Id. at par. 22*. Mandawala alleges the named defendants denied him his rights to fair housing based upon racial discrimination. *Id. at pars.28-35*.

Construing the Complaint liberally and as he states in the style of this action, Mandawala asserts five causes of action against defendant Raven Rocco in his/her "personal capacity": (1) deprivation of rights under "color of law" in violation of the FHA, 42 U.S.C. §1981(c) and §1983 ("Count 7"); (2) intentional infliction of emotional distress ("Count 8"); (3) Conversion ("Count 9"); (4) deprivation of rights to fair housing in violation of the FHA, 42 U.S.C. §1985 ("Count 10"); and (5) Conspiracy to commit these named violations, under 42 U.S.C. §1986 ("Count 11"). Rocco now moves to dismiss the claims asserted against it for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

To provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests," every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is

2

plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Twombly*, 550 U.S. at 563 n.8.

Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed.R.Civ.P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

A court addressing a motion under Federal Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

### 1. "Count 7": Violation of 42 U.S.C. §1981(c) and §1983

In "Count 7", Mandawala asserts: "The Defendant's conduct as alleged at length herein constitutes acts under 'color of Law' of the Texas state when they use a state small claims court to evict plaintiff and [S]mith family knowingly there was no breach of lease or contract by [S]mith family. [sic] 'private persons, using state officials in the prohibited action, are acting 'under color' of law for the purpose of the statute.' emphasis added United State v. Price 383 U.S.787,794,86 S.Ct 1152,1157, 16 L.Ed.2d 267 (1966)."

Rocco asserts "Count 7" must be dismissed for failure to state a claim because Mandawala makes no allegation that Rocco was involved in evicting the Smith family or improperly used the state court system to seek possession of the apartment Mandawala alleges he had authority to reside in. Further, even if Mandawala was an authorized occupant of the apartment, and even if Rocco was involved in the eviction proceedings against the Smith family, only the Smiths could defend their right to possession and must do so under Texas Property Code §24.007.

Construing the Complaint in the light most favorable to Mandawala and construing all reasonable inferences in his favor, Mandawala does not allege, or imply, any facts supporting any cause of action in "Count 7". Mandawala asserts only that Rocco acted "under color of law." This is not a cognizable cause of action, nor does Mandawala assert any facts or allegations to support a plausible claim.

For this reason, "Count 7", Mandawala's assertion of any violation of 42 U.S.C. §1981(c) and §1983, is dismissed for failure to state a claim on which relief can be granted.

## 2. Count 8: Intentional Infliction of Emotional Distress

In "Count 8", Mandawala asserts: "The Defendant's conduct as alleged at length herein is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and it is atrocious, and utterly intolerable in civilized community. The defendant and their employee knew very well that such high level of harassment will cause unexpected homelessness. Unintended expense of storing plaintiff's belongings is costly and it is undisputed caused severe emotional damage."

Rocco argues this cause of action should be dismissed for failure to state a claim because Mandawala fails to assert the egregious conduct necessary to recover for this cause of action and because damages are available only when no other remedy is available.

Under Texas law, intentional infliction of emotional distress has four elements: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Mattix–Hill v. Reck,* 923 S.W.2d 596, 597 (Tex. 1996) (citing *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993)). The defendant's conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman,* 855 S.W.2d at 621; *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996).

Intentional infliction of emotional distress is a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit and Vegetable Co. v. Johnson,* 985 S.W.2d 62, 68 (Tex. 1998); *Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004). This cause of action is "never intended to supplant or duplicate existing statutory or common-law remedies." *Toronka v. Cont'l Airlines, Inc.*, 649 F. Supp. 2d 608, 612–13 (S.D. Tex. 2009) (quoting *Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 816 (Tex. 2005)).

Here, Mandawala bases his cause of action of intentional infliction of emotional distress on the same underlying conduct and facts as his other causes of action under which he seeks to recover. Mandawala did not allege any additional facts in support of his intentional infliction of emotional distress claim.

Thus, upon construing the facts asserted in the complaint in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala cannot assert facts to support a cause of action for intentional infliction of emotional distress.

Even if Mandawala were allowed to re-plead this cause of action, he cannot assert an intentional infliction of emotional distress claim, as it is based on the same underlying conduct as his other claims.

Therefore, the Court must dismiss Mandawala's intentional infliction of emotional distress claim, "Count 8", pursuant to Federal Rule 12(b)(6).

### 3. "Count 9": Conversion

Rocco argues Mandawala made no averments that would meet the elements of conversion, and therefore, this claim must be dismissed for failure to state a claim.

Conversion is "'[t]he unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights...'" *Ojeda v. Wal–Mart Stores, Inc.,* 956 S.W.2d 704, 707 (Tex. App. - San Antonio 1997, pet. denied). To prevail on a cause of action for conversion, a plaintiff must establish: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of an inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property" *Id.*; *Tow v. Amegy Bank N.A.*, 976 F. Supp. 2d 889, 907 (S.D. Tex. 2013).

Mandawala avers in the Complaint employees of Struga Management withheld his mail and packages to the extent he had to call the San Antonio Police Department to get their return. Mandawala avers Struga Management's employees, naming Rocco specifically in paragraph 21, "confiscated, or destroyed, or damaged or threw away [his] mail delivered by federal postal service[, i]n which the local post office affirmed the delivery and driver left packages in [Struga Management's] office." *See ECF No. 29, pars. 10-14, 21, 34, 38-41.*

Although not artfully plead, upon construing the facts as alleged in the light most favorable to Mandawala and upon drawing all reasonable inferences in his favor, the Court must conclude Mandawala asserted enough facts to state a claim for conversion against Rocco. The focus is not on whether Mandawala will ultimately prevail, but whether he should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8.

Consequently, Rocco is not entitled to dismissal under Federal Rule 12(b)(6) of Mandawala's asserted conversion cause of action.

### 4.  "Count 10": Violation of 42 U.S.C.  §1985(3)

Rocco argues generally, with no other specificity, Mandawala "made no averments to support a theory of conspiracy under 42 U.S.C. § 1985([3])," and therefore, this claim asserted in "Count 10" of the Complaint should be dismissed for failure to state a claim.

In the Complaint, Mandawala avers in "Count 10", with no other specificity, "Defendant's conduct as alleged at length herein constitutes conspire for the purpose of depriving plaintiff from exercising his constitution right legally and lawfully renting the subject apartment unit in violation of 42 U.S.C § 1985(3)." Construing this allegation liberally in the light most favorable to Mandawala, this Court understands "Count 10" to assert the named defendants, who are employees of Struga Management, conspired with Struga Management to commit the allegations of racial discrimination in violation of the FHA and the acts of holding Mandawala's mail and packages.

To state a cognizable claim under § 1985(3), a Plaintiff must allege: "(1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right

or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus." *Wong v. Stripling,* 881 F.2d 200, 202–03 (5th Cir. 1989).  To satisfy a Section 1985 conspiracy claim, plaintiff need only provide facts from which the elements of a conspiracy can be inferred. *Green v. State Bar of Texas,* 27 F.3d 1083 (5th Cir. 1994); *Riggs v. City of Pearland,* 177 F.R.D. 395, 408–09 (S.D.Tex. 1997). Section 1985(3) was enacted to protect the civil rights of individuals from "class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971). "To prove a private conspiracy in violation of section 1985(3), plaintiffs must show a conspiracy of class based discrimination 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'" *Liberty County Officers Ass'n v. Stewart*, 903 F. Supp. 1046, 1056 (E.D. Tex. 1995).

Under the longstanding intracorporate conspiracy doctrine, a corporation cannot conspire with its own employees or agents. *Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir. 1994). The rationale of this rule is that acts of the corporation's agents are deemed to be acts of the corporation itself. *See id.; see also Fojtik v. First National Bank of Beeville,* 752 S.W.2d 669, 673 (Tex. App.-Corpus Christi 1988, writ denied). As a result, an accusation of conspiracy between a corporation and its employees is essentially an allegation that the corporation conspired with itself—a legal impossibility. *See id.* Following the intracorporate conspiracy doctrine, Mandawala can assert no set of facts to infer Rocco conspired with Struga Management to deprive Mandawala of his civil rights.

Further, Section 1985(3) proscribes the deprivation of a person's equal protection of the laws, or of equal privileges and immunities under the laws. That is, the deprivation of civil rights derived from the Constitution. *United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 835 (1983). The withholding of mail and return of mail does not violate a person's constitutional civil rights. *See Williams v. Curtis*, 3:16-CV-151-D-BH, 2017 WL 979053, at *3-

*5 (N.D. Tex. Jan. 18, 2017), report and recommendation adopted, 3:16-CV-0151-D, 2017 WL 976948 (N.D. Tex. Mar. 13, 2017).

In the Complaint, Mandawala avers Rocco acted to unlawfully withhold his mail and packages. While racial animus may be inferred and while withholding mail may be illegal, such act is not a deprivation of civil rights as anticipated within the context and reach of Section 1985(3). *See id*.

For these reasons, "Count 10" as it is asserted against Rocco must be dismissed for failure to state a claim.

### 5. "Count 11": Violation of 42 U.S.C. §1986

In the Complaint, Mandawala avers in "Count 11", "Defendant's conduct . . . constitutes attorney had actual knowledge that their client is continuing persuing [sic] federal prohibiting conduct and deliberately participate. Intentionally ignored that while they had power to stop their client to furthering the conspiracy [sic] while this court on pending. Such deliberate ignoring to stop the federal prohibited conduct both Mr. Fritsche and Mr. Miller violated 42 U.S.C. 1986."

Construing this allegation liberally in the light most favorable to Mandawala, this Court understands "Count 11" to assert only that Defendants' attorneys, Mr. Fritsche and Mr. Miller, violated 42 U.S.C. §1986 by failing to stop or prohibit the alleged unlawful conduct of its client.

Mandawala can assert no set of facts to support a cause of action for violation of Section 1986. Section 1986 provides for liability against third parties based on their knowledge of Section 1985 violations. Section 1986 does not provide an independent cause of action but instead requires the existence of a valid claim under Section 1985. *Bradt v. Smith*, 634 F.2d 796, 799 n.3 (5th Cir. 1981). "A valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000); *see also Duncan v. United Services Auto. Ass'n Ins.*, CV 14-2989, 2016 WL 3952091, at *7 (E.D. La. July 22, 2016).

Consequently, to the extent Mandawala intends to assert "Count 11" against Rocco, because he failed to state a plausible claim for relief under Section 1985, any cause of action under Section 1986 is not cognizable. Therefore, Mandawala's cause of action asserted in "Count 11" for violation of Section 1986, to the extent it is asserted against Rocco, must be dismissed. *See Bryan*, 213 F.3d at 276; *Duncan*, 2016 WL 3952091, at *7.

### Conclusion

In this Memorandum Opinion and Order, this Court addresses only the causes of action as asserted against Defendant Rocco.

For the reasons stated, this Court dismisses the following causes of action Mandawala asserts against Rocco: (1) deprivation of rights under "color of law" in violation of 42 U.S.C. §1981(c) and §1983 ("Count 7"); (2) intentional infliction of emotional distress ("Count 8"); (4) conspiracy to deprive rights to fair housing in violation of 42 U.S.C. §1985 ("Count 10"); and (5) conspiracy to commit these named violations, under 42 U.S.C. §1986 ("Count 11").

For the reasons stated, the following cause of action Mandawala asserts against Rocco in her "personal capacity" remains: Conversion ("Count 9").


It is so ORDERED.
SIGNED this 20th day of August, 2020.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE