UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SYMON MANDAWALA,

       Plaintiff,

v.                                                               NO.  SA-19-CV-00635-JKP

STRUGA MANAGEMENT, MRS.
CONSUELO CORONA,
SUPERVISOR; JUAN MARTINEZ,
PRINCIPAL MAINTENANCE;
RAVEN ROCCO, SUBJECT
PROPERTY AGENT; DAVID R
FRISTCHE, TRAVES MILLER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Symon Mandawala's Motion for Summary Judgement and Defendants' Response. *ECF Nos. 45,46,47*. Upon consideration of the motion and response, the Court concludes Mandawala's Motion for Summary Judgement is DENIED.

### Factual Background

Plaintiff, Symon Mandawala, alleges in his Second Amended Complaint (hereinafter "the Complaint") the following disputed facts. Mandawala alleges he was a tenant in the apartment property Vineyard Gardens managed by Struga Management beginning in May 2016. *ECF No. 29, par. 1*. Mandawala alleges on December 17, 2017, he moved into another apartment in the same property with other existing tenants, Mr. S. John Smith and Elizabeth Smith. *Id*. *at pars. 1, 24, 25*. Mandawala alleges he and the Smiths "paid a joining fee of $40" to Struga Management, and its employee signed a "receipt" in purported "consent" of this arrangement. *Id*. "Three month[s] later defendant [Struga Management] claimed [Mandawala] was not on lease and was unauthorized to live in unit with Smith's family and demanded [Mandawala] move out or else [it] would not renew the lease for Smith family."

*Id. at par. 1.* Mandawala alleges tensions escalated in March 2019 when named defendant employees of Struga Management, Consuela Corona, Raven Rocco and Juan Martinez began withholding his mail and packages, and then initiated eviction proceedings against the Smiths based upon their housing of an unauthorized occupant. *Id. at pars. 10-21.* Mandawala alleges he was thereby forced to move from the premises and subsequently filed this action on June 7, 2019. *Id. at par. 22.* Mandawala generally alleges the named defendants denied him his rights to fair housing based upon racial discrimination. *Id. at pars.28-35.*

Construing the Complaint liberally and as he states in the style of this action, Mandawala asserts eleven causes of action against Defendant Struga Management and five causes of action against Defendants Consuelo Corona, Juan Martinez and Raven Rocco in their "personal capacity". Against Struga Management, Mandawala asserts causes of action of: (1) racial discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. 3600-3620, 3535(d) ("Counts 1-3"); (2) fraudulent practices in violation of 42 U.S.C §1981(a)(b), Texas Property Code §92.004, and the Texas Deceptive Trade Practices Act, Texas Business & Commercial Code §17.46 ("TDTPA") ("Counts 4 – 6"); (3) deprivation of rights under "color of law" in violation of the FHA, 42 U.S.C. §1981(c) and §1983 ("Count 7"); (4) intentional infliction of emotional distress ("Count 8"); (5) Conversion ("Count 9"); (6) deprivation of rights to fair housing in violation of the FHA, 42 U.S.C. §1985 ("Count 10"); and (7) Conspiracy to commit these named violations, under 42 U.S.C. §1986 ("Count 11"). Against Defendants Corona, Rocco and Martinez, in their "personal capacity", Mandawala asserts causes of action listed in (4),(5),(6) and (7).

After Mandawala filed this Motion for Summary Judgment, this Court granted in part Defendants' Motions to Dismiss all causes of action. Pursuant to that Order, the following causes of action Mandawala asserts against Struga Management remain: (1) racial discrimination in violation of the FHA, 42 U.S.C. 3600-3620, 3535(d) ("Counts 1-3"); (2)

fraudulent practices in violation of 42 U.S.C §1981(a) and (b) and Texas Business & Commercial Code §17.46 ("Counts 4 and 6"); (3) Conversion ("Count 9"). The following cause of action Mandawala asserts against Corona, Rocco and Martinez in their "personal capacity" remains: Conversion ("Count 9").

This Court will consider only the remaining live causes of action in this analysis.

## Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "As to materiality, the substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" where there is sufficient evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). While all evidence and reasonable inferences are viewed in the light most favorable to the nonmovant, and all disputed facts are resolved in favor of the nonmovant, the judge's function "is not 'to weigh the evidence and determine the truth of the

---

[1]Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson*, 477 U.S. at 249); *see also Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp.*, 477 U.S. at 323. The moving party has the burden to "demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law" to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). To do so, the moving party must identify the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. 317, 323 (1986); *Union Planters Nat'l Leasing*, 687 F.2d at 121. To be entitled to summary judgment on its own cause of action, a plaintiff must show there is no genuine disputes of material fact and establish each element of its cause of action as a matter of law. *Fontenot v. Upjohn Co*., 780 F.2 1190, 1194 (5th Cir. 1986).

If the movant carries that initial burden, the burden shifts to the nonmovant to identify specific facts or present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also* Fed.R.Civ.P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted).

Courts generally liberally construe the pleadings of a *pro se* plaintiff. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972) (per curiam). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *see also Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Parties must "identify specific evidence in the record" supporting the motion for summary

judgment and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### Analysis

### (1) Racial Discrimination in Violation of the FHA, 42 U.S.C. 3600-3620, 3535(d), ("Counts 1-3")

Mandawala avers in the Complaint Struga Management's employee provided him authority to occupy the apartment with the Smiths pursuant to a "joining agreement," and he paid consideration of a "joining fee of $40." *ECF No. 29, pars. 1, 24, 25*. Mandawala avers the receipt of payment of the "joinder fee" shows Struga Management's consent to his occupancy of the Smith's apartment. Further, Mandawala asserts the Defendants' actions in failing to recognize the alleged agreement and forcing him to move from the property were the result of racial discrimination, and he was injured by this discriminatory practice. *Id. at pars. 30-31*. Construing Mandawala's cause of action broadly, he alleges Struga Management violated the Fair Housing Act (FHA) by refusing him the opportunity to occupy the apartment with the Smiths based upon his race.

To prevail on a claim alleging violation of the FHA, a plaintiff must show the defendant refused "to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color . . . or national origin." 42 U.S.C.A. § 3604(a). "To rent" includes "to lease, to sublease, to let and otherwise to grant for a consideration the right to occupy premises not owned by the occupant." 42 U.S.C.A. § 3602(e).

While Mandawala avers the elements of this cause of action in the Complaint, these facts are disputed. Mandawala fails to present summary judgment evidence to prove each of the elements of this cause of action as a matter of law. Mandawala's summary judgment evidence does not relate to the allegations that he had authority to occupy the Smith

5

apartment based upon a "joining agreement" and fails to address or show discriminatory animus motivated any party in the decision to remove him from the property. Furthermore, Mandawala fails to identify specific evidence in the record supporting the motion for summary judgment on this claim and fails to articulate the precise manner in which any evidence supports his claim. *See Ragas,* 136 F.3d at 458.

For these reasons, Mandawala fails to satisfy his summary judgment burden of proof on this cause of action. Therefore, Mandawala's Motion for Summary Judgement on the cause of action of violation of the FHA asserted against Struga Management is denied.

### (2) Fraudulent Practices in Violation of 42 U.S.C §1981(a) and (b) and Texas Business & Commercial Code §17.46 ("Counts 4 and 6")

Construing Mandawala's cause of action broadly, he alleges Struga Management committed fraud by engaging in the untruthful and deceitful practice of presenting to the Smith family and "the small claims court judge" false and misleading documents to demonstrate violation of lease conditions. Mandawala asserts these acts violated 42 U.S.C §1981(a) and (b) and the TDTPA, Texas Business and Commercial Code §17.46. *ECF No. 29, par. 36*.

Section 1981 protects the equal right of "[a]ll persons" to "make and enforce contracts" without respect to race (§ 1981(a)), and defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits ... of the contractual relationship" (§ 1981(b)). *See* 42 U.S.C. §1981.

The TDTPA "protect[s] consumers against false, misleading, and deceptive business practices, unconscionable actions, [and failures to disclose] ... in the course of any trade." Tex. Bus. & Com. Code §§ 17.44, 17.46(a). To prove a violation of the TDTPA, plaintiffs must show: (1) they are a consumer, (2) who was victimized by false, misleading, or deceptive acts, failures to disclose, or an unconscionable course of action, (3) which was a

6

"producing cause" of damages. *Avalos v. Chavez*, EP-17-CV-241-KC, 2018 WL 1138591, at *6 (W.D. Tex. Jan. 10, 2018), *aff'd sub nom. Avalos v. Cordero*, 735 Fed. Appx. 162 (5th Cir. 2018). As used in the TDTPA: "(1) 'Goods' means tangible chattels or real property purchased or leased for use; (2) 'Services' means work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods; (3) . . . ; (4) 'Consumer' means an individual . . . who seeks or acquires by purchase or lease, any goods or services. . . ." Tex. Bus. & Com. Code Ann. § 17.45(1), (2), (4).

While Mandawala generally avers the elements of these causes of action in the Complaint, these facts are disputed. Mandawala fails to present summary judgment evidence to prove the elements of these causes of action as a matter of law. For these reasons, Mandawala fails to satisfy his summary judgment burden of proof on this cause of action. Furthermore, Mandawala fails to identify specific evidence in the record supporting the motion for summary judgment on this claim and fails to articulate the precise manner in which any evidence supports his claim. *See Ragas,* 136 F.3d at 458.

Therefore, Mandawala's Motion for Summary Judgement on the cause of action of fraudulent practices in violation of 42 U.S.C §1981(a) and (b) and Texas Business & Commercial Code §17.46 asserted against Struga Management is denied.

### (3) Conversion ("Count 9")

To support a cause of action for conversion, Mandawala generally avers in the Complaint employees of Struga Management withheld his mail and packages to the extent he had to call the San Antonio Police Department to get their return. Mandawala avers Struga Management's employees, naming Corona, Martinez and Rooco, "confiscated, or destroyed, or damaged or threw away [his] mail delivered by federal postal service[, i]n which the local post office affirmed the delivery and driver left packages in [Struga Management's] office." *See ECF No. 29, pars. 10-14, 21, 34, 38-41.*

Conversion is "'[t]he unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights...'" *Ojeda v. Wal–Mart Stores, Inc.,* 956 S.W.2d 704, 707 (Tex. App. - San Antonio 1997, pet. denied). To prevail on a cause of action for conversion, a Plaintiff must establish: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the property; and (4) defendant refused to return the property" *Id.*; *Tow v. Amegy Bank N.A.*, 976 F. Supp. 2d 889, 907 (S.D. Tex. 2013).

While Mandawala generally avers the elements of conversion in the Complaint, these facts are disputed. Mandawala fails to present summary judgment evidence to prove the elements of this conversion as a matter of law. Furthermore, Mandawala fails to identify specific evidence in the record supporting the motion for summary judgment on this claim and fails to articulate the precise manner in which any evidence supports his claim. *See Ragas,* 136 F.3d at 458.

For these reasons, Mandawala fails to satisfy his summary judgment burden of proof on this cause of action. Therefore, Mandawala's Motion for Summary Judgement on the cause of action of conversion asserted against all Defendants is denied.

### Conclusion

Mandawala failed to satisfy his summary judgment burden of proof to be entitled to summary judgment on the live causes of action. For this reason, Mandawala's Motion for Summary Judgment is DENIED.

It is so Ordered.
SIGNED this 21st day of August, 2020.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE