THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYMON MANDAWALA, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No: 5:19-cv-00635-JKP |
| | § | |
| STRUGA MANAGEMENT, L.L.C., | § | |
| CONSUELO CORONA, JUAN MARTINEZ | § | |
| AND RAVEN ROCCO, | § | |
|     *Defendants*. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDATS' [sic] AFFIRMTIVE [sic] DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Defendants Struga Management, L.L.C., Consuelo Corona, Juan Martinez and Raven Rocco ("Defendants") and files this their Response to Plaintiff's Motion to Strike Defendats' [sic] Affirmitive [sic] Defense[1] and would respectfully show the Court as follows:

1. Plaintiff's Original Complaint[2] was filed on June 7, 2019.

2. On July 17, 2019, Defendants filed their Motion for More Definite Statement[3].

3. After filing his October 19, 2019, Motion to Amend Complaint[4], the Court set matters for hearing on November 15, 2019, at which time Plaintiff's Motion to Amend Complaint[5] was

---

[1] Document No. 63.
[2] Document No. 1.
[3] Document No. 5.
[4] Document No. 21.
[5] Document No. 21.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDATS'
[sic] AFFIRMTIVE [sic] DEFENSES**　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

granted[6], Plaintiff's Amended Complaint was deemed filed[7] and an order[8] issued denying Defendants' Motion for More Definite Statement as moot.

4.      On November 22, 2019, Plaintiff filed yet another Motion to Amend Complaint[9].

5.      On December 4, 2019, the Court granted[10] Plaintiff's Motion to Amend Complaint[11] and Plaintiff's third Complaint was deemed filed[12] on December 4, 2019.

6.      On December 6, 2019, after being unable to understand Plaintiff's third Complaint[13], Defendants filed a second Motion for More Definite Statement[14].

7.      On January 16, 2020, Judge Bemporad denied without prejudice Defendants' Motion for Definite Statement[15], recognizing that the:

> claimed defects in Plaintiff' complaint <u>are not likely to be remedied by additional allegations</u> (emphasis added).  Instead, any defect in Plaintiff's pleadings is better addressed by a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), by a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or by a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Ordering a more definite statement at this stage could result in delay without addressing the merits of Defendants' arguments regarding the sufficiency of Plaintiff's complaint.

8.      On January 22, 2020, Defendant Struga filed its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted[16] and on January 23, 2020,

---

[6] Minute Entry No. 23.
[7] Document No. 25.
[8] Document No. 24.
[9] Document No. 27.
[10] Document No. 28.
[11] Document No. 27.
[12] Document No. 29.
[13] Document No. 29.
[14] Document No. 30.
[15] Document No. 36.
[16] Document No. 38.

Defendants Corona, Martinez and Rocco, filed their respective FED. R. CIV. P. 12(b)(6) Motions to Dismiss for Failure to State a Claim on Which Relief Can be Granted[17].

9. On August 20, 2020, the Court granted in part and denied in part the Defendants' FED. R. CIV. P. 12(b)(6) Motions to Dismiss for Failure to State a Claim on Which Relief Can be Granted[18] (the "12(b)(6) Orders").

10. The 12(b)(6) Orders for the first time clarified the limits of Plaintiff's pleadings, established only two arguable causes of action against Defendant Struga of DTPA violation and conversion and one cause of action against each of the remaining Defendants, conversion.

11. Until the 12(b)(6) Orders issued herein, Defendants could not reasonably ascertain what causes of action were being asserted by Plaintiff against the respective Defendants.

12. Without the clarity established with the issuance of the 12(b)(6) Orders, Defendants have been unable to cogently and appropriately respond to any of Plaintiff's three successive complaints filed herein; accordingly, Defendants were finally able to file responses and affirmative defenses[19] to the remaining causes of action against the respective Defendants.

13. Plaintiff's Motion seeks to strike an affirmative defense of Defendants, yet Plaintiff's Motion does not specify which affirmative defense.

14. Accordingly, based on the foregoing, Defendants respectfully request that Plaintiff's Motion be denied.

15. Inasmuch as the Defendants have been unable to cogently respond to Plaintiff's pleadings prior to the issuance of the 12(b)(6) Orders, Defendants further move the Court for leave to allow

---

[17] Documents No. 39, 40, and 41.
[18] Document Nos. 53 – 56.
[19] Document Nos. 59 – 62.

the filing of Defendants' responses and affirmative defenses[20] in the interest of justice under FED. R. CIV. P. 15(a)(2).

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that after hearing, the Court deny Plaintiff's Motion to Strike Affirmative Defense of the Defendants and grant leave for the filing of the Defendants' responses and affirmative defenses. Defendants pray for such other and further relief to which they may show themselves justly entitled.

Respectfully Submitted by:

*/s/ R. David Fritsche*
R. David Fritsche
Texas State Bar Number 07481200
LAW OFFICES OF R. DAVID FRITSCHE
921 Proton Road
San Antonio, Texas 78258-4203
Telephone: (210) 227-2726
Facsimile: (210) 227-5550
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served via first class mail and via e-mail, to:

Symon Mandawala
P.O. Box 5512
San Antonio, TX 78102
E-Mail Address: smandawala@yahoo.com
***Plaintiff, Pro Se***

pursuant to the Federal Rules of Civil Procedure on this the 5th day of October, 2020.

*/s/ R. David Fritsche*
R. DAVID FRITSCHE

---

[20] Document Nos. 59 – 62.