UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SYMON MANDAWALA,**

    **Plaintiff,**

v.                          No. SA-19-CV-00635-JKP

**STRUGA MANAGEMENT, MRS. CONSUELO CORONA, SUPERVISOR; JUAN MARTINEZ, PRINCIPAL MENTAINANCE; REVEN RICCO, SUBJECT PROPERTY AGENT; DAVID R FRISTCHE, TRAVES MILLER,**

    **Defendants.**

# O R D E R

Before the Court are Plaintiff's motion to strike defendants' affirmative defenses, ECF No. 63, and Plaintiff's motion seeking permission to appeal, ECF No. 65. For the reasons set forth below, the Court denies the motions.

## 1. Motion to Strike Defendants' Affirmative Defenses

Although Plaintiff's motion to strike affirmative defenses is posed in the singular, it appears to ask the Court to strike as untimely all affirmative defenses of all Defendants. *See* ECF Nos. 59, 60, 61, 62. Plaintiff notes that Defendants' responses and affirmative defenses were filed outside the fourteen-day response time following the Court's ruling on Defendants' motions to dismiss. *See* Fed. R. Civ. P. 12(a)(4). The Court entered orders on the motions to dismiss on August 20, 2020. *See* ECF Nos. 38, 39, 40, 41. Defendants filed their responses and affirmative defenses on September 9, 2020, six days past the deadline. Having considered Defendants' response to Plaintiff's motion to strike, the Court finds good cause to extend the deadline and grant

leave for the filing of the Defendants' responses and affirmative defenses. Accordingly, the Court denies Plaintiff's motion to strike.

## 2. Motion Seeking Permission to Appeal

The Court construes Plaintiff's motion seeking permission to appeal, ECF No. 65, as a motion to certify its orders on Defendants' motions to dismiss, ECF Nos. 38, 39, 40, 41, as a partial final judgments pursuant to Federal Rule of Civil Procedure 54(b), which would permit Plaintiff to appeal those orders to the U.S. Court of Appeals for the Fifth Circuit. Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In general, an order disposing of fewer than all claims or parties in an action is not an appealable final judgment unless the district court certifies entry of partial final judgment under Rule 54(b). *See, e.g., DirectTV, Inc. v. Budden*, 420 F.3d 521, 524 (5th Cir. 2005). Once certified by the district court, however, "a Rule 54(b) judgment is a final decision capable of immediate appellate review." *Tolan v. Cotton*, 713 F.3d 299, 303 (5th Cir. 2013), *cert granted*, judgment vacated, 572 U.S. 650 (2014).

As is evident from the text of the rule, a district court may certify an order pursuant to Rule 54(b) only if the Court determines there is no just reason for delay. *See, e.g., Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The determination of whether no just reason for delay exists is "left to the sound judicial discretion of the district court." *Id.* In making this

determination, courts consider "judicial administrative interests as well as the equities involved." *Id.* Multiple factors may assist in this determination, including "whether the claims under review [are] separate from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Rule 54(b) motions should not be granted routinely, *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002), as "[i]t is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties." 10 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure § 2659 (3d ed. 1998). Ultimately, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

    Here, the Court is not satisfied that there is no just reason for delaying certification. The orders granting in part and denying in part Defendants' motions to dismiss clarified the limits of Plaintiff's pleadings, establishing two causes of action against Defendant Struga: a DTPA violation and conversion; and one cause of action against each of the remaining Defendants: conversion. Plaintiff contends a decision from the Fifth Circuit, "will speed up this case." ECF No. 65. The Court disagrees. Given the procedural posture of this case, an immediate appeal is not likely to materially advance the ultimate termination of this litigation. Accordingly, Plaintiff's motion for permission to appeal is denied.

### 3. Conclusion

For the reasons set forth above, it is **ORDERED** Plaintiff's motion to strike defendants' affirmative defenses (ECF No. 63) is **DENIED**. Defendants are granted leave to file and Defendants' Responses and Affirmative Defenses, ECF Nos. 59, 60, 61, 62 are deemed filed of this date.

IT IS FURTHER ORDERED Plaintiff's motion seeking permission to appeal (ECF No. 65) is **DENIED**.

**It is so ORDERED this 14th day of January 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**