Miscellaneous Docket No. _____



# United States Court of Appeals
## *for the*
## *Fifth Circuit Court*

IN RE SYMON MANDAWALA.,

*Petitioner*

*On Petition for a Writ of Mandamus to the*
*U.S. District Court for the Western District of Texas in*
*Case Nos.  5:19-cv-01415-JKP, Magistrate  Judge E.S. Chestney and*
*5:19-cv-00635-JKP*

## PETITION FOR WRIT OF MANDAMUS WITH
## APPENDIX IN SUPPORT

Symon Mandawala
P.O. Box 5512
San Antonio
Texas 78201.

*Petitioner pro-se.*

Dated:  January 5, 2021

# CERTIFICATE OF INTERESTED PERSONS

The undersigned Pro-se petitioner Symon Mandawala certifies that the following listed persons and entities have an interest in the outcome of this petition. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Petitioner**

Symon Mandawala
Post Office Box 5512
San Antonio, TX 78201

**Interested Party**

Hon. Judge Jason K. Pulliam,

Magistrate Judge Elizabeth Chestney

## Counsel for Baptist School of Health Professions

Blaine Holbrook

10101 Reunion Place, Suite 900, San Antonio

Texas 78216

Telephone: 210-340-6555

i

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES.................................................................. iii

STATEMENT OF RELATED CASES.................................................... iv

RELIEF SOUGHT.................................................................................. 1

ISSUES PRESENTED............................................................................ 1

FACTS NECESSARY TO UNDERSTAND PETITION........................ 1

REASONS FOR GRANTING THE WRIT........................................... 4

    A. It Is Within This Court's Discretion To Issue A Writ Directing The District Court to Quash the order on court appointed counsel as such order violate the constitutional right and federal statute i.e 28 U.S.C 1915................................................................................................4

    B. It Is Within This Court's Discretion To Issue A Writ Directing The District Court Judge to disqualify himself when bias has appeared, even when it is a potential bais.................................................... 7

CONCLUSION...................................................................................... 13

CERTIFICATE OF SERVICE.............................................................. 14

CERTIFICATE OF COMPLIANCE.................................................... 15

APPENDIX

## TABLE OF AUTHORITIES

Cases

*Anthony v. Marion County General Hospital,*
 617 F.2d 1164, 1167 (5th Cir. 1980),.................................................................... 7,

*Branch v. Cole, supra,* 686 F.2d at 266 (5th Cir. 1982)............................................ 5

*Drone v. Hutto,* 565 F.2d 543, 544 (8th Cir. 1977)................................................... 5

*Dussouy v. Gulf Coast Investment Corp.,*660 F.2d 594, 603 (5th Cir. 1981) ........ 10

*Gonzalez v. Firestone Tire & Rubber Co.,*
 610 F.2d 241, 247 (5th Cir. 1978))................................................................................7

*Hilderbrand v. Honeywell,* inc 622 F.2d 179 (5th Cir 1980)................................... 8

*In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1222 (Fed. Cir. 2011)........... 5

*Knighton v. Watkins,* 616 F.2d 795, 799 (5th Cir. 1980)........................................ 5

*Lopez v. Aransas Independent School District,*
 570 F.2d 541, 544 (5th Cir. 1978) ........................................................................ 7

*Maclin v. Freake,*   650 F.2d 885, 888 (7th Cir. 1981)........................................... 5

*Manning v. Lockhart,* 623 F.2d 536 540 (8th Cir. 1980)........................................ 5

*Marshall v. Jerrico* 446 U.S. 238, 242 (1980)........................................................8

*Peterson v. Nadler,* 452 F.2d 754 (5th Cir. 1971)...................................................5

*Schweiker v. McClure,* 456 U.S. 188, 195(1982)................................................... 8

*Shields v. Jackson,* 570 F.2d 284, 285-86 (8th Cir. 1978)...................................... 5

*White v. Walsh,* 649 F.2d 560, 563 (8th Cir. 1981)................................................. 5

**Statutes**

28 U.S.C. § 1915(d)..................................................................... Passim

Rules

Fed. R. Civ. P. 1........................................................................... 10

## STATEMENT OF RELATED CASES

There is pending NOA # 0:20-cr-50981 on Rule 54b from the same civil action ( district 5:19-cv-01415JKP) and no proceeding in the lower court has previously been resolved before any or other appellate courts. This court is being asked to quash the Judge Pulliam's order in 5:19-cv-01415JKP docket 60 for not being consistant with 28 U.S.C 1915(d) and violating the Petitioner's right to choose who should represent him. The discretion of the court to appoint the counsel **does not include impossing an attorney to litigants** unless it proved litigant is incapacity.

The court also is being asked to remove the Judge Pulliam in all cases where Mandawala is a party because the judge demonstrated egregious treatment and unjustifiable purnishments to Mandawala with  no record justfiable sanctions of dismissing claims with prejudice

Petitioner is asking this court that if the Western district court belonging to Baptist or its judges are using Baptist religion doctrine, it will be appropriet to remove Mandawala's cases to non Baptist Federal district court because he has no knowledge of any Baptist Laws and he went to Western district court thinking it is a federal court enforcing federal laws

## RELIEF SOUGHT

Petitioner Symon Mandawala respectfully requests that the Court grant this petition for a writ of mandamus and direct the district court to (i) promptly quash the staying Order directing parties to mediate and appointing Counsel, and (ii) Order both Distric Judge Pulliam and Magestrate Chestney to immediatly disqualified from all Cause of actions that have Symon Mandawala as a party.

This court should consider this petition because Mandawala has been prohibitated to contact the district see December 16, 2020 or DKT 60. Thus, no relief can not found any where other this court.

## ISSUES PRESENTED

(1)     Respectvely request that this Court should direct the district court to Quash staying order that has already demonstrate to violate Mandawala's constitution right to a fair preceeding as a litigant to prevent further prejudice.

(2)     Respectvely request that this Court should direct the district court to disqualify the presiding judge J. Pulliam and Magestrate Chestney from any action currently having Petitioner as a party. The Judge has demontrated egregious treatment toward Mandawala.

## FACTS NECESSARY TO UNDERSTAND PETITION

After the original complaint (*5:19-cv-01415-JKP*) was filed on December 5, 2019, on April 30, 2020, docket 19 the court issued an order's allowing Mandawala to amend the complaint by adding other parties (another defense lawyer) played a role in all claims reflect issues at the state court in Bexar County, Texas. The order included some limitations that the Amended complaint itself has "to be free from any reference to the original complaint."(see docket 19 page 10) Although documents or material accompanied by the complaint are considered part of the complaint, the amended complaint did not

reference them accordingly and following the order not to reference anything in the original complaint. Surprisingly, On September 3, 2020, the court opinion referenced the same material that Mandawala was prohibited to reference in the Original complaint attacking the amended complaint (see docket 34 page 13) and dismiss all claims related to the issues involves state judge Gonzales and attornies (Mr. Holbrook and Nick Elgies) for the defendant(s) **with prejudice.** These attornys are private practitioners; none of them had any sort of immunity. As mentioned above that Mr. Holbrook (counsel for defendant), who partly owns Evans, Rowe & Holbrook Attorney at Law, is addressed Union Square, 10101 Reunion Place, Suite 900 San Antonio, Texas 78216. Mr. Holbrook is a friend to Judge Pullium's former employer, and owner of Prichard Youg LLC addressed Union Square, 10101 Reunion Place, Suite 600 San Antonio, Texas 78216. ( see attached the U.S. senate Q&A 6 page 2)

Likewise, state district 103 Judge Gonzalez's address is Cadena-Reeves Justice Center 300 Dolorosa Street, suite 3200, San Antonio, Texas 78205. This is the same address used by Judge Pullium as he was working as Texas Appeal justice of Fourth Court of Appeals addressed Cadena-Reeves Justice Center 300 Dolorosa Street, suite 3200, San Antonio, Texas 78205. Moreover, on December 8, 2020, Judge Pullium said, "I know judge Gonzalez. But our Magistrates are different from Judge Gonzalez." Judge Pullium was referring to the difference in Handling Mediation but, on the other hand, revealing the reason why he ordered not to refer to the original complaint because he knows Judge Gonzalez.

Both original complaint and amended complaint mentioned that Baptist school of health and hospital facilities are Tenet's business in San Antonio, where all the claims occurred. The amended complaint went further, saying all the people mentioned or said are the doers; they are all employees of the corporate Tenet. Despite the complaint saying it and showing that Tenet is a parental company, on the memorandum of opinion date September 3, 2020, ( dockt 34) Judge Pullium asked Mandawala to show the cause. Although the school president is the only leader and top employee of Tenet at the School (Baptist School of Health Profession), Mandawala did not see the reason for showing the cause why Tenet should be served direct to the corporate office in Dallas. It is now a realization that the order to

show the cause was part of harassing Mandawala or manufacturing a reasons for sanction to dismiss parties judge feels are responsible, and their claims will have punitive damages. This come true when Mandawala clearly and timely show the cause in response to the defendant's motion to strike Mandawala's amended complaint. Judge Pulliam in pretrial conference said Mandawala was supposedly to file it separately from response to the defendant's motion to strike. Although that doesnt change the fact that Mandawala's task to show the couse was timely in the record. (See docket 42) Despite all Mandawala's efforts to do What Judge Pullium said within the time he ordered, all he got still is a dismissal **with prejudice.** (See docket 49)

On December 15, 2020, the day after Defendant's counsel file an advisory to the court, saying they have agreed with Mandawala to have mediation and attached copies of email exchanges with Mandawala. (see attached emails in docket 59 ) The email does not show or reflect any agreement to have mediation despite Mandawala considering mediation in later stage of the case. Mandawala's email was acknowledgment and loss of confidence in everything about what Mandawala discovered (the U.S senate information of Judge Pulliam), considering the defense attorney (Mr. Holbrook) being a best friend to Judge Pullium's former employers and owners of Prichard Young LLC. As it May notice, the District Court docket. The following day, on December 16, 2020, Mandawala considered to request the judge to recuse from his cases or moving the case to Austin division, Texas. Judge Pullium by then already issued an **order imposing attorny Mark Sanchezi** to be Mandawala's attorney and directing parties for mediation. The December 16, 2020 order  court-appointed attorney immediatly **prohibit Mandawala to file anything in court** but only Mr. Sanchezi.(see docket 60 and attached order) Mr. Sanchezi appointment was without Mandawala's **requesting** or **without the court consent with Mandawala.** The order says Mandawala should remburse Mr. Sanchezi mediation representation either way Mandawala preveil with settlement or judgement award.( see docket 60) That is even when mediation fails but successfully preveil as a pro-se.  Because of this, Mandawala feel no reason to wait NOA 20-cr-50981 as the on going prejudice may implecate the futher preceedings and it has already

demonstrate that Mr. Sanchezi will file whatever without Mandawala's consent as the way he filed in docket 66. Even if the court has such power to appoint an attorney, it requires Mandawala's consent to give the court okay. Mandawala can not work with an attorney he is not confident about and share his case with him. Much more, Mandawala's consent is needed for such an attorney to get paid; the court cannot just impose someone by force an attorney representation overrule the Mandawala's due process required by 14th Amendment.

Mandawala is a normal person who is not on any medication or drugs. Mandawala have never been treated with any mental disorder or illness. He will be forty years in few years to come that he do not expect to be treated like an underage person or proven mental illness. Any negative outcome from these case, Mandawala will be directly responsible for; thus, he minimize the case expense by representing hi self at all levels of this case. He deserve respect as any other litigant not an enemy of the court as demonstrated

## REASONS FOR GRANTING THE WRIT

A writ of mandamus is properly granted to correct the " usurpation of judicial power." *In re Link A Media Devices Corp.*, 662 F.3d 1221, 1222 (Fed. Cir. 2011). Specific to this case, the 28 U.S.C 1915 governs the district court on an appointment of counsel to an indigent litigant. It requires the litigant to demonstrate unable to hire a private attorney by (1) **requesting** the court through motion or (2) by the court itself **consulting** or **consent** with indigent litigant the needs of attorney's representation. It does not give the district court a discretion to **impose** a counsel to a litigant.

### A. It Is Within This Court's Discretion To Issue A Writ Directing The District Court to Quash the order on court appointed counsel as such order violate the constitutional right and federal statute i.e 28 U.S.C 1915

The district court Therefore; could have been **appropriately** for Judge Pulliam **requires** Mandawala to **respond directly to an inquiry concerning what effort**, if any, he has made to secure private counsel. Exercising its own judicial discretion, it should then determine whether this is **an exceptional case** in which the appointment of counsel is appropriate(if the judge saw it exeptional case, then

appropriete time could have been prior April 30, 2020 docket 19 before Mandawala doing it all requirments in section 1915(d)) . Right now there is no evidence in the docket showing the court at least did either of these.

Although "[n]o comprehensive definition of exceptional circumstances is practical," _Branch v. Cole, supra, 686 F.2d at 266 (5th Cir. 1982)_ a number of factors should be considered to a request for appointed counsel(the docket doesnt show request). These include: (1) the type and complexity of the case, _Branch v. Cole, supra, 686 F.2d at 266; Maclin v. Freake,   650 F.2d 885, 888 (7th Cir. 1981)_; (2) whether the indigent is **capable of adequately presenting his case**, _Branch v. Cole, supra, 686 F.2d at 266; Maclin v. Freake, supra, 650 F.2d at 888; Drone v. Hutto, 565 F.2d 543, 544 (8th Cir. 1977)_;(Mandawala already did it by himself) (3) whether the indigent **is in a position to investigate the case adequately** , _Maclin v. Freake, supra, 650 F.2d at 888; White v. Walsh, 649 F.2d 560, 563 (8th Cir. 1981); Shields v. Jackson, 570 F.2d 284, 285-86 (8th Cir. 1978)_ (per curiam); _Peterson v. Nadler, 452 F.2d 754 (5th Cir. 1971)_;(Mandawala by filing this petition demonstrate adquately investigated the case) and (4) whether **the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination**, _Maclin v. Freake, supra, 650 F.2d at 888; Manning v. Lockhart, 623 F.2d 536 540 (8th Cir. 1980)_. (this requirment is not consistence with appointing attorney for mediation only)

The 28.U.S.C 1915 Specifically requires that when the court appointed a counsel, **"the officer shall...perform all duties in such case"** at _Id_ (d). Judge Pulliam's December 16, 2020 order is inconsistent with this mandate because it has only appointed Mr Sanchezi to represent Mandawala on Mediation.

The district court should have considered **whether the appointment of counsel would be a service** to Mandawala and, perhaps, the court and defendant as well, by sharpening the **issues in the case,** shaping **the examination of witnesses**, and thus shortening **the trial** and assisting in a just determination. _See Knighton v. Watkins, 616 F.2d 795, 799 (5th Cir. 1980)_. (Non of these are

consistencies with Judge Pulliam's order on appointing counsel only for mediation as this requires the entire case work).

Mandawala did everything as pro-se, including this petition in this court. As per Judge Pulliam's order that attorney Mark Sanchez will only represent Mandawala on mediation. The question is, so who is going to be calling witnesses to attend the trial when mediation fails and the case continues without Mr. Sanchezi persuing §1915(d)? It is Mandawala himself. Or does the district court will determine to appoint another attorney for discovery? then appointing another one for trial? The appointment of Mr. Sanchezi an effort by judge Pulliam to make sure that any damage awarded is returning through Mr. Sanchezi because the defendant in *5:19-cv-01415-JKP* is an institution of Judge Pulliam's church. See US senate Q&A 14 page 44-45 It is why Judge Pulliam decides to impose the counsel on mediation and prohibit any direct contact to the court by Mandawala. Mandawala sort of filing the Motion to quash the judge's pulliam order if such prohibition was not there and did not stay. If appointment of Mr. Sanchez was in good faith or is in best interest to Mandawala's case, Judge Pulliam could have been appointed Mr. Sanchezi prior to April 30, 2020 order docket 19.

### B.  It Is Within This Court's Discretion To Issue A Writ Directing The District Court Judge to disqualify himself when bias has appeared, even when it is a potential bais.

It is undeniable that when the court was issuing the April 30, 2020 order,(*5:19-cv-01415-JKP docket 19 page 10)* not to reference anything in the original complaint was then to attacked the amended complaint with the same material he prohibited mandawala ,(*5:19-cv-01415-JKP docket* 34 page 13) Judge Pullium wanted issues relate to state Judge Gonzalez disappear. Because if Mandawala could reference the attached transcript in original complaint, it could be difficult for judge Pullium to challenge the document referenced during his material review. The motive for ordering Mandawala not to reference anything in original complaint opens a room for Judge Pullium to use the material to challenge the amended complaint. Thus, judicial bias.

The reasons why Judge Pulliam is doing all these dislikes, harassing, egregious orders Mandawala is found on the U.S. Senate questionnaire for judicial nominees number 6, it shows judge Pulliam, and state Judge Gonzalez are former coworkers from 2015-16. Much more December 8, 2020, a pretrial conference remark by Judge Pullium confirmed to know his former coworker's conduct and used it as a determining factor. It is not what Mandawala was filling the complaint about, being analyzed based on the Judge's knowledge of people mentioned in amended complaint.

Without speculating any direct relationship with defendant's counsels, It is undeniable that Judge Pulliam's former employer and owner of Prichard Young LLP is a friend to Mr. Holbrook. He is the defendant's attorney who have dismissed his claims with prejudice despite having no immunity defense. Presiding Judge as a former employee of Prechard Young LLC with the same physical address to Evans, Rowe & Holbrook union squire 10101 Reunion Place only suit number is different: 600 and 900 same building. The dismissal is not an issue here but **with prejudice** is an act of doing a favor to former coworker Judge Gonzalez and Judge Pulliam former employer's friend Mr. Holbrook. Because if another judge who does not know Judge Gonzalez and Mr. Holbrook come across the fraudulent filing of voluntary dismissal in state court entrie. He or she may question the unavailability of immunity and dismissal without prejudice and without a court record showing Plantifull deliberate delay or contumacious conduct. Such a Judge will have different views than what Judge Pulliam demonstrated in this case.

The impartiality of handling this case is highly questionable for the remaining claims in the case. Because when the court determined to dismiss a party or claim with prejudice. Two things must satisfy that reasoning of prejudice, **(A)** the parties dismissed has some sort of immunity **(B)** the Plaintiff's behavior is justified to be disobeying the court or deliberate delays. See Anthony v. Marion County General Hospital, 617 F.2d 1164, 1167 (5th Cir. 1980), quoting Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1978). See also Lopez v. Aransas Independent School District, 570 F.2d 541, 544 (5th Cir. 1978). A failure to state the claim upon which relief may grant for can not be

considered disobeying the order to dismiss with prejudice. It involves only facts presentation, not plaintiff's contumacious behavior and dismissal with prejudice is an extreme punishment showing disfavor to plaintiff. By looking at **A.**, none of the claims had the defense of party was immune to justify dismissal with prejudice. For **B** the court did not reasoning the **B** and can not be reasoning **B** because it has to show in court records that the Plaintiff had warned about his contumacious conduct behavior deliberate delays. See Hilderbrand v. Honeywell, inc 622 F.2d 179 (5th Cir 1980) failure to the district court to show the above reasoning is proof of **judicial bias**.

In response to the U.S. senate question #14, page 44-45 Judge Pulliam responded that he has been recusing himself on all matters related to his former Law firm. Further, he said he recused any case involves his church members (Resurrection Baptist Church). Here he failed to recuse himself, in this case, involving former employer (Texas, Bexar county) and coworker Judge Gonzalez. Instead, ordering to limit references on materials involves Judge Gonzalez and attacking the amended complaint with the same fact he ordered not to reference in his April 30, 2020 order dockat 19 page 10. The US supreme court in Marshall v. Jerrico 446 U.S. 238, 242 (1980) (for the purpose of judicial integrity and public trust to the judicial system judge can disqualify or recused him or herself when there it appears a potential bias) see also Schweiker v. McClure, 456 U.S. 188, 195(1982) Judge Pulliam activities can justified a Punishment to Mandawala with dismissal with prejudice because the defendant is an institution of the Judge Pullium's church. See US senate questionnaire #14 page 44-45.

## 5:19-cv-00635

Similar to *5:19-cv-01415JKP*, the excessive punishment also went over to this case, leaving Mandawala questioning did he do personally wrong to judge Pulliam? There is no doubt that after seen the Plaintiff as Mandawala in *5:19-cv-01415JKP*. Thus, what punishments cross to this lawsuit 5:19-cv-00635JKP which is separate.

The Judge Pulliam's unjustifieable sanctions crosses to 5:19-cv-00635JKP (these actions are simataneously handled by Judge Pulliam) where he dismiss claims with prejudice again without record supporting the dismissal with prejudice on August 21, 2020 docket 53-57. Magestrate Judge Bemporand denied defendant(s) Motion for More definite Statement and order all defendant to file answers (responsive pleading) on December 13, 2019. Defendants' defying Magistrate's orders twice by (1) on December 06, 2019  Motion for definate statement docket 30 and (2) on January 23, 2020 filling CR12(b)6 instead of Answer. (see docket 38-41) Despite defendants' defying Magistrate orders, Judge Pulliam Punished Mandawala with dismissal with prejudice anyways

At the time of second motion for more definate statement filed December 6, 2019 docket 30, defendant was in state suing all people because they have information of this case and  mentioned in the complaint. At the time of Magistrate Bemporand denying the motion for a more defined statement he did so after acknowledging that the defendant was pursuing a state lawsuit on people mentioned in the complaint. As noted, that defendant in *5:19-cv-01415-JKP* case is an institution belonging to Judge Pulliam's church and pursuing them simultaneously with judge Pulliam. *Judge Pulliam decided to Purmish Mandawala for suing his church's institution by cutting the claims of deprivation of right* **(section 1985 is not subject of mediation see 28 U.S.C § 1343)** and forcing the remaining claims to mediation. This type of judicial acting is a denial of people's justice much more undermines congressional intent, somehow why being a federal Judge? In this case, the defendants defied the magistrate orders on two separate occasions and filed a third motion CR 12b(6) motion to dismiss. Judge Pulliam took the Defendant's Motion to dismiss some of Mandawala's claims in this case again with Prejudice disregard the Magistrate ordered and the docket itself for the defendant to file Answers in docket 23. Likewise, *5:19-cv-01415JKP*, the record does not support Mandawala being warned of any disobeyed to the court or delay for the judge to punished with Prejudice for suing the Judge Pulliams institution belonging to his church.  See US Senate Q&A14 page 44-45

Now petitioner is not sure if all these because *5:19-cv-01415JKP* defendant is an institution of Judge Pulliam's church, so it's an act of retaliation. Or is it randomly personal dislike Mandawala? The truth is Mandawala do not deserve to be punished without showing in the record what he did wrong to the court that annoying judge Pulliam because it was defendants *5:19-cv-00635-JKP docket 32* who delibalatly request adely because they were cross examin witness in state court about their knowledge of *5:19-cv-00635-JKP*.

Much more question is that *5:19-cv-00635-JKP* has the conspiracy to deprive Mandawala that involves criminal conduct, and Judge Pulliam did acknowledge the criminal conduct in his opinion to dismiss the claims. See <u>Dussouy v. Gulf Coast Investment Corp.,660 F.2d 594, 603 (5th Cir. 1981)</u> But suprisingly Judge's opinion on conspiracy involve crime can defended by intracorporation doctrine and dismiss it with prejudice. Moreover, the defendant did not raise an intracorporational doctrine defense. It was Judg e Pulliams.


## CONCLUSSION

Mandawala's right to "impartial and fair court proceedings or harassed much more speedy and inexpensive court proceedings" in these actions have been denied by the district court's demonstrated egregious treatment and unreasonable extreme punishments to dismiss claims with prejudice. Fed. R. Civ. P. 1. Mandawala requests that this Court issue a writ of mandamus directing the district court to Quash on December 16, 2020, promptly disqualify Both Judge Pulliam and Magistrate Judge Elizabeth Chestney from all current actions where Mandawala is a party. Moving the *5:19-cv-01415JKP* to a neutral venue may be a solution if no impartial and fairly judges are not available and without religion or outside influences to take over. likewise, any fruit from bias is canceled, the court should order to cancel the mediation as a fruit of bias.

Dated this 8th day of January, 2016.

Respectfully submitted,

Symon Mandawala
P.O. Box 5512
San Antonio
Texas 78201.
*P etitioner pro-se*

## AFFIDAVIT/CERTFICATE OF SERVICE

I, Symon Mandawala certify that I served a copy of the Petition for Writ of Mandamus with Appendix in Support on January 8, 2016 by USPS certfied mail on the following persons:

U. S. District Judge Jason Pulliam

655 E. Cesar E. Chavez Blvd.,
San Antonio, TX 78206

Blaine Holbrook

10101 Reunion Place, Suit 900
San Antonio, Texas 78216

Symon Mandawala

Post Office box 5512
San Antonio, Texas 78201

## CERTFICATE OF COMPLIANCE

This emergiency petition complieds with the word limit of Fed.R. App. P. 21(d)(2)(a) because excluding the parts exempted by Fed. R. App. P 32(f), it contains at least about 4000 words. This motion complies with the requirements of Fed. R. App. P 32(a)5 and Fed. R. App. P. 32(a)6. because it has prepared in a proportionally spaced typeface.

Symon Mandawala

Post Office box 5512
San Antonio, Texas 78201

# APPENDIX

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

SYMON MANDAWALA,

     Plaintiff,

v.                        No. SA-19-CV-01415-JKP-ESC

BAPTIST SCHOOL OF HEALTH
PROFESSIONS, ALL COUNTS;

     Defendant.

## <u>ORDER</u>

On this date, the Court considered the status of this action and concludes that mediation is in the best interests of the parties and judicial economy. The Court further concludes the parties will benefit by the appointment of counsel to represent Plaintiff for the purpose of mediation. Accordingly, the Court enters the following orders.

The Court ORDERS the parties to mediate this case and to complete mediation on or before March 31, 2021. Any joint motion for mediation before a United States Magistrate Judge must be filed on or before February 1, 2021.

Mediation is a mandatory but non-binding settlement conference wherein the parties attempt to resolve their differences with the assistance of a third-party facilitator. All proceedings in a mediation session are confidential and protected from discovery. No subpoenas, summons, citations, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving, or attending any mediation session. Counsel and parties shall proceed in a good faith effort to try to resolve this case. Baptist School of Health Professions must be represented by a person with authority to negotiate a settlement, and the representative shall be present during the entire mediation process. Following the mediation, the District Court

will be advised only that the case did or did not settle. No other information will be transmitted to the Court by the mediator or any other party.

It is further ORDERED Attorney at Law Mark A. Sanchez, 6243 IH-10 West, Suite 1025, San Antonio, TX 78201-2020; (210) 222-8899; is hereby APPOINTED to represent Plaintiff until mediation is complete.

It is further ORDERED Mark A. Sanchez forthwith enter his appearance in this case as counsel of record for Plaintiff Symon Mandawala.

Plaintiff is notified that Attorney Sanchez has formally informed the Court of vacation time and is therefore unavailable to communicate with Plaintiff from December 21, 2020 through January 4, 2021. Plaintiff is instructed that Mr. Sanchez will contact him at the telephone number on record with the Court to discuss the representation. Plaintiff is advised that appointed counsel is not required to expend his own resources to investigate and develop Plaintiff's claims, nor is appointed counsel required to pay any costs of mediation. Plaintiff is further instructed that Mr. Sanchez is appointed for purposes *of this case only* and does not represent Plaintiff in any other litigation currently pending before this or any other court. Plaintiff is required to keep Mr. Sanchez and the Clerk's Office advised of any change in mailing address or telephone number.

Until further order of the Court, any document submitted for filing on Plaintiff's behalf in this case must bear the original signature of Plaintiff's counsel, and Plaintiff should not submit any pleading, motion, or other document for filing in this case unless it bears his counsel's signature.

It is further ORDERED that if Plaintiff prevails in this lawsuit and recovers any money damages, Plaintiff must reimburse appointed counsel for any costs or expenses not recoverable under the applicable statutes. Such reimbursement of costs and expenses must be delivered at the

time of funding the settlement or judgment, unless otherwise ordered by the Court. Plaintiff is permitted to file an Amended Complaint, with the amendment limited to the addition of a request for attorney's fees.

It is further ORDERED that the Clerk of the Court shall make available to Plaintiff's counsel of record copies of any pleadings, motions, or other documents filed in this case.

In light of Counsel's vacation, the need for Counsel to familiarize himself with the case, and to allow Plaintiff and Counsel time to communicate with one another, this action is hereby STAYED for thirty days.

The Clerk of Court shall serve copies of this Order and of Mr. Sanchez's attorney vacation letter on Plaintiff Symon Mandawala and all counsel of record.

It is so ORDERED.

SIGNED this 16th day of December 2020.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

3

**UNITED STATES SENATE
COMMITTEE ON THE JUDICIARY**

**QUESTIONNAIRE FOR JUDICIAL NOMINEES**

**PUBLIC**

1.      **Name**:  State full name (include any former names used).

Jason Kenneth Pulliam

2.      **Position**:  State the position for which you have been nominated.

United States District Judge for the Western District of Texas

3.      **Address**:  List current office address.  If city and state of residence differs from your place of employment, please list the city and state where you currently reside.

Prichard Young, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216

4.      **Birthplace**:  State year and place of birth.

1971; Brooklyn, New York.

5.      **Education**:  List in reverse chronological order each college, law school, or any other institution of higher education attended and indicate for each the dates of attendance, whether a degree was received, and the date each degree was received.

1997 – 2000, Texas Southern University, Thurgood Marshall School of Law; J.D., 2000

1995 – 1997, Brooklyn College, City University of New York; M.A., 1997

1991 – 1995, Brooklyn College, City University of New York; B.A., 1995

1989 – 1991, Westchester Community College; no degree received

6.      **Employment Record**:  List in reverse chronological order all governmental agencies, business or professional corporations, companies, firms, or other enterprises, partnerships, institutions or organizations, non-profit or otherwise, with which you have been affiliated as an officer, director, partner, proprietor, or employee since graduation from college, whether or not you received payment for your services.  Include the name and address of the employer and job title or description.

2017 – present

Prichard Young, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Counsel

2015 – 2016
Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa Street, Suite 3200
San Antonio, Texas 78205
Justice

2011 – 2015
Bexar County, County Court at Law No. 5
Cadena-Reeves Justice Center
300 Dolorosa Street, Fourth Floor
San Antonio, Texas 78205
Judge

2007 – 2010
Ford & Murray, PLLC
(formerly Ford & Massey, PC)
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
Associate

2006 – 2007
Ball & Weed, PC (no longer extant)
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
Associate

2004 – 2006
The Carlson Law Firm
100 East Central Texas Expressway
Killeen, Texas 76541
Associate

2001 – 2004
United States Marine Corps
Marine Corps Base Camp Lejeune
Camp Lejeune, North Carolina 28533
Legal Services Support Team, Building 66
Holcombe Boulevard/Molly Pitcher Road
Judge Advocate

1998 – 1999
Cooper & Cooper
3620 South MacGregor Way
Houston, Texas 77021
Law Clerk

January 1996 – July 1996
New York State Assembly Graduate Internship Program
Counsel to the Majority Leader
Assemblyman Micháel J. Bragman
Legislative Office Building
Albany, New York 12248
Graduate Intern/Legislative Associate

7.    **Military Service and Draft Status**:  Identify any service in the U.S. Military, including dates of service, branch of service, rank or rate, serial number (if different from social security number) and type of discharge received, and whether you have registered for selective service.

I served in the United States Marine Corps from 2000 to 2004.  My rank was Captain.  I have completed all military service and have no other military service related obligations.  I timely registered for the selective service.

8.    **Honors and Awards**:  List any scholarships, fellowships, honorary degrees, academic or professional honors, honorary society memberships, military awards, and any other special recognition for outstanding service or achievement.

"Outstanding Lawyer," SA Magazine (2018)

One of "San Antonio's Best Personal Injury Defense Lawyers," Scene in SA Magazine (2018)

Plaque of Appreciation, Texas Southern University, Thurgood Marshall School of Law (2016)

Community Impact Award, Delta Sigma Theta Sorority (2016)

Certificate of Appreciation, Texas Court Reporters Association (2016)

Certificate of Appreciation, Harmony Public Schools (2016)

Certificate of Recognition, Eastwood Community Missionary Baptist Church (2016)

Honoree, San Antonio's Movers and Shakers (2016)

Plaque of Appreciation, Pi Theta Lambda Educational Foundation (2016)

Trailblazer Award, African-American Section of the Texas State Bar (2015)

3

Dallas, Texas 75222
(214) 946-8000

Dava Greenberg-Spindler
Wilson Elser Moskowitz Edelman & Dicker LLP
901 Main Street, Suite 4800
Dallas, Texas 75202
(210) 387-7976

*State v. Evans*, 486 S.W.3d 636, 637 (Tex. App.—San Antonio 2016, pet. ref'd).

Counsel for Appellant
John Hoover
Assistant District Attorney
200 Earl Garrett, Suite 202
Kerrville, Texas 78028
(830) 896-4744

Counsel for Appellee
Wallace T. Ferguson
Ferguson and Hix
Post Office Box 1106
Boerne, Texas 78006
(830) 249-9595

David K. Chapman
Post Office Box 427
Karnes City, Texas 78118
(830) 780-3472

*ALS 88 Design Build LLC v. MOAB Constr. Co.*, No. 04-25-00096-CV, 2016
WL2753915 (Tex. App.—San Antonio May 11, 2016, pet. denied).

Counsel for Appellant
Regina B. Criswell
7803 Bent Briar
San Antonio, Texas 78250
(210) 775-1155

Counsel for Appellee
Tom Hall
115 East Travis Street, Suite 700
San Antonio, Texas
(210) 222-2000

*City of San Antonio v. Tommy Harral Constr., Inc.*, 486 S.W.3d 77 (Tex. App.—San

41

Antonio 2016, no pet.).

<u>Counsel for Appellant</u>
Matthew Vandenberg
Jackson Walker LLP
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
(210) 978-7700

Melodee Laine Gruber
1115 17th Street
Hondo, Texas 78861
(830) 741-2600

<u>Counsel for Appellee</u>
Micah Williams
Law Office of Mark E. Macias
1100 Northwest Loop 410, Suite 370
San Antonio, Texas 78213
(210) 949-0166

e.      Provide a list of all cases in which certiorari was requested or granted.

*Kahn v. Helvetia Asset Recovery, Inc.*, 475 S.W.3d 389 (Tex. App. Ct.), *cert. denied*, 137 S. Ct. 453 (2016).

*Harris v. Texas*, No. 04-14-0088-CR, 2015 WL 7566229 (Tex. App. Ct. Nov. 25, 2015), *cert. denied*, 137 S.Ct. 199 (2016).

f.      Provide a brief summary of and citations for all of your opinions where your decisions were reversed by a reviewing court or where your judgment was affirmed with significant criticism of your substantive or procedural rulings.  If any of the opinions listed were not officially reported, provide copies of the opinions.

*Univ. of the Incarnate Word v. Redus*, 474 S.W.3d 816 (Tex. App.—San Antonio 2015, pet. filed).  This case arose from an incident in which a police officer employed by the University of the Incarnate Word (UIW) conducted an off-campus traffic stop of a student, Cameron Redus, based upon suspicion of driving while intoxicated.  During the investigatory detention, the officer shot Redus five times, resulting in Redus' death.  Redus' family filed suit against UIW and the officer for negligence.  UIW filed a plea to the jurisdiction based upon governmental immunity from suit and liability pursuant to the limitations outlined in the Texas Tort Claims Act (TTCA).  The trial court denied UIW's plea to the jurisdiction.  UIW filed an interlocutory appeal pursuant to Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.  UIW had to establish that it was a governmental unit in order to bring this interlocutory appeal.  On appeal, the Fourth Court had to examine whether it had jurisdiction to determine the interlocutory

42

appeal, which presented an issue of first impression. UIW is a private institution of higher education. There was no dispute regarding this fact. To assert its interlocutory appeal, UIW claimed that it was a governmental unit with respect to its law enforcement activities. UIW sought to narrowly apply the immunity granted to governmental units under the TTCA to its law enforcement activities and claimed that it was a governmental unit for this one specific function. UIW claimed its governmental status regarding its law enforcement activities stemmed from its authority to operate a police department pursuant to Section 51.212 of the Texas Education Code. The Reduses argued that the Fourth Court did not have interlocutory jurisdiction because UIW, as an institution, had to satisfy the statutory definition of a governmental unit and that UIW could not carve out a specific function as a police department to satisfy its burden. The Reduses also argued that the statute authorizing a private university to employ peace officers did not convert the university or its police department into a governmental unit. The issue presented to the Fourth Court was a question of law and the standard of review in such a case is de novo. I authored the opinion. Since this case presented an issue of first impression, the Fourth Court sought guidance from Texas Supreme Court cases that interpreted the same law(s) involved in this appeal. *LTTS Charter Sch. Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73 (Tex. 2011) was instructive and provided guidance regarding the interpretation of the law presented in this appeal. After reviewing the relevant law and the guidance provided by the Texas Supreme Court, the Fourth Court concluded that UIW was not a governmental unit entitled to bring an interlocutory appeal pursuant to Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Therefore, the trial court's denial of UIW's plea to the jurisdiction was not an appealable order. UIW's appeal was dismissed for want of subject matter jurisdiction.

The Texas Supreme Court reversed stating that UIW was a governmental entity for the purposes of interlocutory appeal and remanded the case to the court of appeals to resolve the plea to the jurisdiction on the same issue. The Fourth Court of Appeals issued an opinion resolving the plea to the jurisdiction on March 7, 2018. *See Univ. of Incarnate Word v. Redus*, No 04-15-00120-CV, 2018 WL 1176652 (Tex. App.—San Antonio Mar. 7, 2018 no pet. h). The court of appeals' opinion agreed with my original opinion that UIW was not a governmental entity.

g.      Provide a description of the number and percentage of your decisions in which you issued an unpublished opinion and the manner in which those unpublished opinions are filed and/or stored.

All opinions I have issued are available in the court records maintained by the Clerk of the Court for the Texas Fourth Court of Appeals (for those opinion I issued while serving on that court) or the Bexar County, County Court at Law No. 5 (for those opinion I issued while serving on that court). A search of Westlaw conducted April 16, 2019, lists 100 opinions, 15 (15%) of which are reported. A search of LEXIS conducted April 16, 2019, lists 99 opinions, 17 (approximately 17%) of which are reported.

h.      Provide citations for significant opinions on federal or state constitutional issues, together with the citation to appellate court rulings on such opinions. If any of the

43

opinions listed were not officially reported, provide copies of the opinions.

*Bhakta v. Texas Dep't of Transp.*, 04-15-00297-CV, 2016 WL 1593163, at *6 (Tex. App.—San Antonio Apr. 20, 2016, no. pet. h.).

*State v. Evans*, 486 S.W.3d 636 (Tex. App.—San Antonio 2016, pet. ref'd).

*Rosenbusch v. State*, 04-14-00050-CR, 2015 WL 5964995 (Tex. App.—San Antonio Oct. 14, 2015, pet. ref'd).

*Schmidt v. State*, No. 04–14–00272–CR, 2015 WL 1004238, (Tex. App.—San Antonio Mar. 4, 2015, no pet.).

*Juarez v. State*, 04-15-00413-CR, 2016 WL 1359372 (Tex. App.—San Antonio Apr. 6, 2016, no pet.).

i.    Provide citations to all cases in which you sat by designation on a federal court of appeals, including a brief summary of any opinions you authored, whether majority, dissenting, or concurring, and any dissenting opinions you joined.

I have not sat by designation.

14.   **Recusal:** If you are or have been a judge, identify the basis by which you have assessed the necessity or propriety of recusal (If your court employs an "automatic" recusal system by which you may be recused without your knowledge, please include a general description of that system.) Provide a list of any cases, motions or matters that have come before you in which a litigant or party has requested that you recuse yourself due to an asserted conflict of interest or in which you have recused yourself sua sponte. Identify each such case, and for each provide the following information:

a.    whether your recusal was requested by a motion or other suggestion by a litigant or a party to the proceeding or by any other person or interested party; or if you recused yourself sua sponte;

b.    a brief description of the asserted conflict of interest or other ground for recusal;

c.    the procedure you followed in determining whether or not to recuse yourself;

d.    your reason for recusing or declining to recuse yourself, including any action taken to remove the real, apparent or asserted conflict of interest or to cure any other ground for recusal.

As a trial judge and appellate justice, I discharged my judicial duties in compliance with Canons Two and Three of the Texas Code of Judicial Conduct regarding impartiality and avoiding the appearance of impropriety.

To the best of my recollection, I was never asked to rescue myself from any case. As a trial

44

judge, I recused myself from all cases involving my former law firm (Ford & Massey, P.C.) for a period of two years. As a trial judge and appellate justice, I recused myself from any case in which I represented a party. I have recused myself from cases involving members of my church (Resurrection Baptist Church). As an appellate justice, I recused myself from all cases in which I was the presiding trial judge.

No party has ever taken action to remove me from a case or challenged the basis for my decision to recuse myself from a case.

15. **Public Office, Political Activities and Affiliations**:

    a.    List chronologically any public offices you have held, other than judicial offices, including the terms of service and whether such positions were elected or appointed. If appointed, please include the name of the individual who appointed you. Also, state chronologically any unsuccessful candidacies you have had for elective office or unsuccessful nominations for appointed office.

Texas requires judges to run in partisan elections. I was elected to serve as Judge of Bexar County Court at Law No. 5 in the November 2010 general election. I was reelected in the 2014 general election. I was asked to submit my name for consideration for a vacancy on the Fourth Court of Appeals after the 2014 election. Former Texas Governor Rick Perry appointed me to the Fourth Court of Appeals on January 8, 2015. I was required to run in the 2016 general election to retain the seat. I lost the 2016 general election. I have neither sought nor held any other elected public office.

In March 2017, Governor Greg Abbott appointed me to serve as one of five gubernatorial appointed commissioners on the Public Safety Commission. All commissioners serve six-year terms and can be reappointed by the governor.

    b.    List all memberships and offices held in and services rendered, whether compensated or not, to any political party or election committee. If you have ever held a position or played a role in a political campaign, identify the particulars of the campaign, including the candidate, dates of the campaign, your title and responsibilities.

Excluding my own candidacy for Texas judicial office, I have never served on or rendered services in connection with any campaign.

16. **Legal Career:** Answer each part separately.

    a.    Describe chronologically your law practice and legal experience after graduation from law school including:

        i.    whether you served as clerk to a judge, and if so, the name of the judge, the court and the dates of the period you were a clerk;

        I have never clerked for a judge.

ii.     whether you practiced alone, and if so, the addresses and dates;

I have never practiced law alone.

iii.     the dates, names and addresses of law firms or offices, companies or
governmental agencies with which you have been affiliated, and the nature of
your affiliation with each.

1998 – 1999
Cooper & Cooper
3620 South MacGregor Way
Houston, Texas 77021
Law Clerk

2001 – 2004
United States Marine Corps
Marine Corps Base Camp Lejeune
Camp Lejeune, North Carolina 28533
Legal Services Support Team, Building 66
Holcombe Boulevard/Molly Pitcher Road
(910) 451-1903
Judge Advocate

2004 – 2006
The Carlson Law Firm
100 East Central Texas Expressway
Killeen, Texas 76541
(254) 526-5688
Associate

2006 – 2007
Ball & Weed, PC (no longer extant)
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 731-6400
Associate

2007 – 2010
Ford & Murray, PLLC
(formerly Ford & Massey, PC)
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 731-6400
Associate




U.S. POSTAGE PAID
FC PKG RTL
SAN ANTONIO, TX
78201
JAN 20, 21
AMOUNT

**$4.60**

R2304W119446-12

1006

78206



USPS TRACKING® NUMBER

9500 1147 0133 1020 5785 33