# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on **May 24, 2023**

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

**FILED**
MAY 24 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2023

Lyle W. Cayce
Clerk

No. 21-50644

SYMON MANDAWALA,

    *Plaintiff—Appellant,*

versus

STRUGA MANAGEMENT, DOING BUSINESS AS VINEYARDS GARDENS; CONSUELO CORONA, SUPERVISOR; JUAN MARTINEZ, PRINCIPAL MAINTENANCE; REVEN RICCO, SUBJECT PROPERTY AGENT; DAVID R. FRITSCHE; TRAVES MILLER,

    *Defendants—Appellees.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-635-JKP

---

Before JONES, SMITH, and GRAVES, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

No. 21-50644

IT IS FURTHER ORDERED that appellant pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals
# for the Fifth Circuit

FILED
MAY 24 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

United States Court of Appeals
Fifth Circuit
FILED
March 30, 2023
Lyle W. Cayce
Clerk

No. 21-50644

SYMON MANDAWALA,

> *Plaintiff—Appellant,*

*versus*

STRUGA MANAGEMENT, DOING BUSINESS AS VINEYARDS GARDENS; CONSUELO CORONA, SUPERVISOR; JUAN MARTINEZ, PRINCIPAL MAINTENANCE; REVEN RICCO, SUBJECT PROPERTY AGENT; DAVID R. FRITSCHE; TRAVES MILLER,

> *Defendants—Appellees.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-cv-00635-JKP

---

Before JONES, SMITH, and GRAVES, *Circuit Judges.*

PER CURIAM:*

    Pro se plaintiff Symon Mandawala appeals the district court's bench trial ruling in favor of the defendants, as well as several other ancillary decisions made by the district court. Mandawala alleges that the company in charge of managing his former apartment building, Struga Management, and

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-50644

some of its staff denied him his right to fair housing because of his race and engaged in a conspiracy to violate his civil rights by refusing to deliver his packages. For the following reasons, we affirm.

I.

Mandawala is a black resident of San Antonio, Texas. In May 2016, he moved into an apartment building at Vineyard Gardens that is run by Struga Management. On December 17, 2017, Mandawala moved into another apartment within the complex. He moved in with existing tenants, S. John Smith and Elizabeth Smith. Mandawala asserts that the Smiths and he "paid a joining fee of $40" to Struga, and one of Struga's employees purportedly consented to the arrangement by signing a "receipt." However, three months after moving in with the Smiths, things between Struga and Mandawala started to go bad. Mandawala claims that Struga informed the Smiths that he was not on the lease, he was not authorized to live in the unit, and that he had to leave immediately, or it would not renew the Smiths' lease.

Tensions further grew in March 2019 when, according to Mandawala, Consuela Corona, Raven Rocco, and Juan Martinez—employees of Struga—began withholding his mail and packages, and then initiated eviction proceedings against the Smiths due to their housing of an unauthorized occupant. A few months later, Mandawala alleges he was forcibly removed from the premises. He then filed this action on June 7, 2019.

Mandawala's Second Amended Complaint asserted eleven causes of action: (1) racial discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, 3535(d), 3600-3620 ("Counts 1-3"); (2) fraudulent practices in violation of 42 U.S.C. § 1981(a) and (b), Texas Property Code § 92.004, and the Texas Deceptive Trade Practices Act, Texas Business & Commerce Code § 17.46 ("TDTPA") ("Counts 4-6"); (3) deprivation of rights under "color of law" in violation of the FHA, 42 U.S.C. § 1981(c) and § 1983 ("Count 7"); (4) intentional infliction of emotional distress ("IIED") ("Count 8"); (5) conversion ("Count 9"); (6)

Case 5:19-cv-00635-JKP   Document 110   Filed 05/24/23   Page 5 of 10
Case: 21-50644   Document: 00516762133   Page: 3   Date Filed: 05/24/2023

No. 21-50644

conspiracy to interfere with his civil rights under 42 U.S.C. § 1985 ("Count 10"); and (7) conspiracy to commit these named violations under 42 U.S.C. § 1986 ("Count 11").

The parties filed dispositive motions in January and March of 2020. The district court denied Mandawala's motion for summary judgment and granted in part and denied in part the defendants' motions to dismiss. Relevant here, the district court dismissed all claims against Corona, Rocco, and Martinez except for the claim of conversion and concluded that Mandawala failed to state a claim under 42 U.S.C. §§ 1985, 1986, and for IIED because he failed to allege facts sufficient to demonstrate a conspiracy or identify any conduct rising to the level of an IIED claim.

Pursuant to these orders, the following causes of action remained against the defendants:(1) racial discrimination in violation of the FHA, (2) fraudulent practices in violation of 42 U.S.C. § 1981(a) and (b) and TDTPA, and (3) conversion.

Nearly three weeks after the rulings on the defendants' motions to dismiss, the defendants filed their first answers. Mandawala then moved to strike these affirmative pleadings because they were almost a week late, according to Rule 12(a)(4)(A) of the Federal Rules of the Civil Procedure.[1] However, the district court denied the motion concluding that there was good cause to extend the deadline.

In July 2021, the remaining claims were tried. Following a two-day bench trial, the court issued findings of fact and conclusions of law. Of significance to the issues presented in this appeal, the trial court determined that Mandawala's FHA claim failed because he did not establish his *prima*

---

[1] Under this rule, a timely Rule 12 motion tolls the responsive pleading deadline until fourteen days after the motion is decided. *See* FED. R. CIV. P. 12(a)(4)(A) ("[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.").

Case 5:19-cv-00635-JKP   Document 110   Filed 05/24/23   Page 6 of 10
Case: 21-50644      Document: 00516762133      Page: 4      Date Filed: 05/24/2023

No. 21-50644

*facie* case of discrimination and because he did not present any evidence to rebut the defendants' non-discriminatory reason for its conduct. In addition, the district court found that Mandawala's fraudulent practices claims failed because he did not produce any evidence that the defendants engaged in false or misleading conduct.

The district court then entered a take-nothing judgment. Mandawala now appeals.

## II.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Preston Expl. Co., L.P. v. GSF, L.L.C.*, 669 F.3d 518, 522 (5th Cir. 2012) (citation omitted). Similarly, we review Rule 12(b)(6) dismissals de novo. *Lampton v. Diaz*, 639 F.3d 223 (5th Cir. 2011). Lastly, this court looks for an abuse of discretion in rulings regarding extensions for late filings. *In re Deepwater Horizon*, 716 F. App'x 373, 374 (5th Cir. 2018) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990)).

## III.

On appeal, Mandawala raises four issues; we address each in turn.[2]

First, Mandawala argues that the district court erred in finding that the defendants' answers and motions to dismiss were timely filed. He contends that motions for a more definite statement are not responsive pleadings, and notes that the defendants' pleadings were filed beyond the

---

[2] Mandawala raises several other arguments in his brief, but they are raised for the first time on appeal, and therefore are not properly before this court. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are [forfeited] and will not be considered on appeal.").

Case 5:19-cv-00635-JKP   Document 110   Filed 05/24/23   Page 7 of 10
Case: 21-50644   Document: 00516762133   Page: 5   Date Filed: 05/24/2023

No. 21-50644

date set in the district court's November 15, 2019 Order—December 13, 2019. He also points out that the defendants' answers were filed outside the fourteen-day response time following the court's ruling on the defendants' motions to dismiss in violation of Rule 12(a)(4)(A).

These arguments are incorrect and flatly contradicted by the record. Contrary to Mandawala's assertions, the district court did not treat the defendants' Rule 12(e) motion as a responsive pleading.

After Mandawala amended his original Complaint, the district court denied all related pending motions as moot and required the defendants "answer or otherwise respond to the Amended Complaint by December 13, 2019." The defendants did so by filing a motion under Rule 12(e) on December 6, 2019.

The district court subsequently dismissed this motion without prejudice to the submission of motions under Rules 12(b)(1), (12)(b)(6), and (12)(c). In doing so, the court concluded that "any defect in Plaintiff's pleadings is better addressed" through dispositive motion practice. That same day the district court granted in part the defendants' motion to modify the scheduling order, and set May 8, 2020, as the deadline for all dispositive motions. In accordance with this date, the defendants filed their 12(b)(6) motions on January 22, 2020, and January 23, 2020, respectively. Thus, the defendants' Rule 12 motions were timely.

Mandawala's arguments regarding the defendants' answers fare no better. On August 20, 2020, the district court granted in part and denied in part the defendants' 12(b)(6) motions. Pursuant to Rule 12(a)(4)(A), the defendants' answers were due within fourteen days of the entry of these orders. *See* Fed. R. Civ. P. 12(a)(4)(A). However, the defendants did not file their answers until September 9, 2020. Nevertheless, this fact is not fatal.

Under Federal Rule of Civil Procedure 6(b), the trial court has broad discretion to accept late-filed answers "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). "The rule's requirements

Case 5:19-cv-00635-JKP   Document 110   Filed 05/24/23   Page 8 of 10
Case: 21-50644   Document: 00516762133   Page: 6   Date Filed: 05/24/2023

No. 21-50644

are quite flexible, and the district judge enjoys broad discretion to grant or deny an extension."4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1165, at 523-29 (3d ed. 2002). "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." *Id.* at 533-34.

In this case, the district court concluded that there was good cause to extend the deadline in light of the reasons put forth in the defendants' response to the plaintiff's motion to strike. Most pertinently, just a few weeks prior, the district court issued an order granting in part and denying in part the defendants' 12(b)(6) motions, which for the first time clarified the scope and substance of Mandawala's claims. This reasoning is perfectly sound and is consistent with the broad latitude district courts have to control their dockets. *See Shepherd on behalf of Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019).

Mandawala makes no attempt to challenge the district court's finding of good cause. Since Mandawala points to no abuse of discretion by the district court, and we find none, we affirm on this issue.

Second, Mandawala argues that the district court erred by dismissing his § 1985 and IIED claims because the defendants unlawfully withheld his mail and packages. Upon review, we can easily determine that the district court did not err in concluding that there was no basis for these claims. Mandawala's allegations that the defendants withheld his packages, without more, do not rise to the level of outrageous conduct required under Texas law. *See GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999) ("Generally, insensitive or even rude behavior does not constitute extreme and outrageous conduct . . . Similarly, mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct.") (citations omitted). Moreover, Mandawala does not provide specific facts supporting his allegations that the

Case 5:19-cv-00635-JKP   Document 110   Filed 05/24/23   Page 9 of 10
Case: 21-50644   Document: 00516762133   Page: 7   Date Filed: 05/24/2023

No. 21-50644

defendants conspired to withhold his packages in order to deprive him of his civil rights. *See Irwin v. Veterans Admin.*, 874 F.2d 1092, 1095 (5th Cir. 1989) (holding that plaintiffs must "plead the operative facts upon which his claim is based, more than conclusory allegations" in order to prove a conspiracy claim under § 1985).

Third, Mandawala argues that the district court erred in finding that he failed to make out his claim of disparate treatment under the FHA. Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale . . . of a dwelling . . . because of race." 42 U.S.C. § 3604(b). To prevail on a claim of disparate treatment under the FHA, Mandawala must show "(1) membership in [a] protected class, (2) that [he] applied and was qualified to rent or purchase housing[,] (3) that [he] was rejected, and (4) that the housing thereafter remained open to similarly situated applicants." *Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020) (citations omitted).

Once a plaintiff establishes a *prima facie* case of discrimination, courts employ the *McDonnell-Douglas* burden-shifting framework. *Id.* at 641. First, the defendant is given a chance to put forth a "legitimate, non-discriminatory reason for the rejection." *Inclusive Comms. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 911 (5th Cir. 2019). "The burden then shifts back to the plaintiff to rebut the reason offered . . . by showing it is a pretext for discrimination." *Id.* Under a disparate treatment theory, "there can be no liability without a finding that the protected trait (*e.g.*, race) motivated the challenged action." *Id.* at 910. The ultimate burden, however, remains with the plaintiff. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002).

Although Mandawala is in a protected class, documentary and testimonial evidence clearly demonstrates that he did not complete the application requirements for Vineyard Gardens. On appeal, Mandawala does not point to any evidence to the contrary. The district court further found that even assuming Mandawala could establish his *prima facie* case, the

No. 21-50644

defendants put forth a legitimate, non-discriminatory reason for denying his application: under Struga's rental selection criteria, each applicant was required to present verifiable proof of income, but Mandawala did not do so. Thus, our review of the record confirms that there is nothing to indicate that a discriminatory reason motivated the defendants' decision not to rent to Mandawala or that the defendants' explanation is unworthy of credence. We therefore affirm the district court's finding.

Lastly, Mandawala contends that the district court incorrectly assessed "the mirepresentation [sic] of documentation evidence" regarding his claims under 42 U.S.C. § 1981 and TDTPA. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we AFFIRM the judgment of the district court.